MINERS & MERCHANTS BANK, Respondent, v. J. A. ROGERS, Appellant.

Kansas City Court of Appeals, March 4, 1907.

1. **TRIAL AND APPELLATE PRACTICE: Setting Aside Verdict: Weight of Evidence.** The granting of new trials on the ground that the verdict is against the weight of the evidence is exclusively within the province of the trial court; and appellate courts will only look into the record to see if there is any substantial evidence against the verdict.

2. **BILLS AND NOTES: Endorser: Surety: Extension of Time: Renewal.** An extension of the time will not discharge an endorser if there be express reservation not to interfere with the rights and remedies against the endorser; and the taking of a new note does not conclusively extend the time nor operate as a discharge of the old note, since it may be shown that such renewal was not to discharge the old obligation nor extend the time on such obligation as against the endorser; nor does the payment of interest in advance determine there has been an extension of time as against a surety's rights.

Appeal from Jasper Circuit Court. — *Hon. Howard Gray,* Judge.

AFFIRMED.

*Edward J. White* for appellant.

(1) If, upon the pleadings and evidence, the plaintiff should not recover, then no error upon the trial of a case can be ground for a new trial and the order granting the new trial must be set aside and judgment entered for the defendant, upon the verdict. Bartley v. Railroad, 148 Mo. 124; Warner v. Railroad, 178 Mo. 125;

Haven v. Railroad, 155 Mo. 229; Graney v. Railroad, 157 Mo. 678; Merriam v. Railroad, 136 Mo. 145; Candee v. Railroad, 130 Mo. 154; Vogg v. Railroad, 138 Mo. 172; Homuth v. Railroad, 129 Mo. 642; Edwards v. Railroad, 82 Mo. App. 478; Kuenzel v. Stevens, 73 Mo. App. 16; Shaughnessy v. Railroad, 68 Mo. App. 155. (2) The court erred in refusing to direct the verdict for the defendant.

*H. H. Bloss* for respondent.

(1) If at the time a new note is given the creditor expressly reserves his rights against the indorser or surety, then the latter is not prejudiced by such extension and they are not released thereby because by entering into such an agreement the principal debtors impliedly consent that whatever remedies his sureties have against him, shall remain open to them. Dean v. Rice, 5 McMaster's Com. Dec. 198; Bank v. Johnson, 24 Mo. App. 316; Rucker v. Robinson, 38 Mo. 154, 90 Amer. Dec. 412; 2 Daniel on Negotiable Inst., p. 1322; Tiedeman on Commercial Paper, 378; 27 Amer. and Eng. Ency. of Law (2 Ed.), p. 506, and many citations under foot note 2; Bank v. Peter, 120 Mich. 518; Hunt v. Knox, 34 Miss. 655; 4 McMaster's Com. cases, p. 141.

ELLISON, J.—This is an action on two promissory notes executed by Ewing & Co., a partnership, and by its individual members to defendant Rogers and by Rogers afterwards indorsed to the plaintiff. A trial was had which resulted in a verdict for the defendant. On plaintiff's motion, this verdict was set aside and a new trial ordered. From that order defendant appealed.

The new trial was granted on the ground that the verdict was against the weight of the evidence. The granting of new trials upon that ground is exclusively within the province of the trial court. Appellate courts do not investigate a case on appeal with a view to ascer-

tain which side the weight of the evidence favors. When therefore a trial court grants a new trial for the reason that the jury has decided contrary to the weight of the evidence, an appellate court's inquiry is limited to ascertaining if there was *any* substantial evidence against the verdict, and if there was, to affirm the order of the trial court. If there is any substantial evidence against the verdict, its weight, when balanced with the evidence in favor of the verdict, must be determined by the trial court.

By keeping in view this distinction between the duty and authority of trial and appellate courts the decision of this appeal is not difficult. By reference to the pleading and the instructions in the cause it will be seen that defendant claimed to have been discharged from liability on the notes by reason of the plaintiff having extended the time of their payment to the makers without his consent. That such extension was made by plaintiff taking a new note in renewal of the two upon which this action is brought and in which was also included other indebtedness of the makers of these notes to the plaintiff.

It is true the evidence did show that the amount of the notes in suit was included in the new note. But there also was evidence tending to show that the plaintiff refused to allow such renewal to stand for, or be considered as a payment of these notes, or to operate as an extension of the time so as to prevent it from asserting all its rights against defendant; and with that view it did not surrender the notes.

The law is well established in this State that an extension of time to the principal debtor will not discharge a surety or indorser, if there be express reservation or qualification that it shall not be taken to interfere with all rights and remedies against such surety or indorser. [Rucker v. Robinson, 38 Mo. 154; Boat-

men's Bank v. Johnson, 24 Mo. App. 316; Story on Prom. Notes, sec. 416; 2 Daniel Neg. Inst., sec. 1322.]

In taking a new note in which was included the amount of the two notes in suit, the plaintiff did not conclusively extend the time of payment, nor should such action be considered as conclusive evidence that the new note operated as a discharge of these notes. On renewal by new note, it may be shown that it was understood between the parties to the new note that it was not to be a discharge of the old obligation; and that it should not be an extension of time on such obligation, so as to interfere with the holder's right against the surety or indorser. [Bank v. Leavitt, 65 Mo. 562.]

There were payments of interest in advance at different times, but the mere payment of interest in advance does not determine that there has been an extension of time as against the surety rights. [Hosea v. Rowley, 57 Mo. 357.]

There are some matters advanced by defendant's counsel which were not considered at the trial. But we do not find how any of them should have the effect of determining that the trial court was wrong in granting the new trial. There is nothing in defense to this action, which can be considered under the pleadings, that will prevent the plaintiff from showing, if it can, that the understanding was that its rights against the defendant were reserved and his rights were not attempted to be violated. And also that the renewal was not intended as a discharge of the old obligation. In other words, the issue of fact as presented by the pleadings must be met.

The order of the trial court granting a new trial is affirmed. All concur.