JOHN KARNES et al., Executors, etc., Respondents, v.
JENNIE WINN et al., Appellants.

Kansas City Court of Appeals, December 2, 1907.

1. **TRIAL AND APPELLATE PRACTICE: Setting Aside Verdict: Court's Discretion: Evidence.** The trial court in its discretion may grant a new trial on the ground that the verdict is against the weight of the evidence and the appellate court will not interfere unless there has been an abuse of the discretion, and there can be no abuse where there is any substantial evidence against the verdict.

2. ———: ———: ———: ———: **Sympathy of Jury.** Where the order setting aside the verdict stated that the sympathy of the jury caused a failure of justice, the inference is plain that the court thought the verdict against the weight of the evidence.

Appeal from Buchanan Circuit Court.—*Hon. Chesley A. Mosman,* Judge.

AFFIRMED.

*Charles F. Strop, James W. Boyd* and *Eugene Silverman* for appellant.

(1) Appellant's sole burden in the first instance, is to show the error of the court in sustaining the motion for new trial upon the ground stated on the record, leaving to respondent to demonstrate that the court should have granted a new trial upon one or more of the grounds stated in the motion. Miller v. Car Company, 130 Mo. 523, et seq. (2) And where there is abundant evidence to support the verdict this court will not presume that a new trial was granted on the ground that the verdict was against the weight of the evidence. Pierce v. Lee, 197 Mo. 491.

*Neville & Grier* and *Mytton, Parkinson & Crow* for respondent.

(1) The granting of a new trial is the exercise of a judicial discretion and its action will not be disturbed. Herndon v. Lewis, 175 Mo. 125; Havin v. Railroad, 155 Mo. 216; Thompson v. Railroad, 140 Mo. 125; State ex rel. v. Todd, 92 Mo. App. 1; Bank v. Rodgers, 100 S. W. 534.

ELLISON, J.—The plaintiffs, as representatives of the estate of George S. Karnes, deceased, brought an action against defendants on a promissory note for $988.30. The defendant Jennie Winn, who is a daughter of the deceased, denied the execution of the note and also set up a counterclaim of $5,000 on account of domestic services alleged to have been rendered her father during his lifetime. The trial resulted in a verdict against plaintiffs on the note and for the defendant Jennie Winn on her counterclaim in the sum of $2,000. Plaintiff filed a motion for new trial which was sustained by the trial court and from that order defendant appealed.

The case has been well and earnestly argued by the respective counsel and leaves us convinced that we cannot interfere with the order without disregarding established rules. The motion for new trial, among other grounds, set up that the verdict was against the evidence in the case and the weight of the evidence, and the jurors were influenced and controlled by sympathy. The court sustained the motion on the ground that "sympathy of the jury caused a failure of justice."

It is well established in this State that a trial court may, in its discretion, grant one new trial on the ground that the verdict is against the weight of the evidence and that appellate courts will not interfere except in cases where there has been an abuse of such discretion. [Haven v. Railway, 155 Mo. 216.] And the appellate

court will not consider that there has been an abuse of such discretion in cases where there is any substantial evidence against the verdict. [Herndon v. Lewis, 175 Mo. 116; Bank v. Rogers, 100 S. W. Rep. 534, 123 Mo. App. 569.]

An examination of the record in this case discloses substantial evidence against the verdict. There is not only evidence but strong and reasonable inferences to be drawn from the evidence, which tend to discredit the verdict. On the other hand there is abundant evidence in defendant's behalf to have upheld the action of the trial court if it had refused to grant a new trial. The case is one which left the trial court at full liberty to exercise its discretion in either granting or refusing the new trial on the ground that the verdict was against the weight of the evidence.

But the question remains, was this the ground upon which the court based its action? In stating that the sympathy of the jury caused a failure of justice the court adopted another mode of saying that the jury had not given heed to the evidence, or that the verdict was against the weight of the evidence. The verdict of a jury should be the result of a conviction of facts made by the evidence, or the weight of the evidence, and should not be caused by mere sentiment which follows sympathy for unfortunate conditions. If the trial court thought that sympathy was the cause of the verdict it evidently did not think that it was based on the evidence.

While use of the words of the statute are perhaps most appropriate in stating the reasons for sustaining a motion for new trial on the ground now under consideration, yet other words which show the thought of the court will answer the same purpose, since they convey the same meaning. Thus, a trial court stated that "the verdict should have been against the plaintiff instead of against the defendant," and it was held to

be a declaration of opinion that the verdict was against the weight of the evidence. [State ex rel. v. Todd, 92 Mo. App. 1.] So where the trial court's reason was that "the verdict should have been for the defendant under the evidence submitted, instead of plaintiff," it was held to be a statement that the verdict was against the weight of the evidence. [Thompson v. Railway, 140 Mo. 125, 144.] And where the trial court stated "that the jury having found that the plaintiff was entitled to recover, disregarded the court's instructions as to the measure of damages and have shrunk from deciding the issues submitted to them," was held to mean that the verdict was against the evidence. [Haven v. Railway, 155 Mo. 218, 231.]

The record having made it manifest to us that the trial court thought the verdict was against the weight of the evidence, and granting a new trial for such reason being within such court's discretion, we must affirm the order for new trial. All concur.