## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1907.

*(Continued from Volume 129)*

JOHN M. CANTERBURY, Appellant, v. KANSAS CITY, Respondent.

Kansas City Court of Appeals, March 2, 1908.

1. **TRIAL AND APPELLATE PRACTICE: Weight of Evidence: Court's Discretion: New Trial.** The trial court may set aside the verdict because against the weight of the evidence and its action is not reviewable in the appellate court except where there is no substantial evidence in behalf of the successful party.

2. **Husband and Wife: Res Adjudicata.** Judgment against the wife in an action for personal injury is not *res adjudicata* as to the husband's action for such injury.

Appeal from Jackson Circuit Court.—*Hon. Thomas F. Reynolds,* Special Judge.

AFFIRMED.

*Battle McCardle* and *John C. Stearns* for appellant.

(1) The facts as proven in this case render defendant liable. The identical proposition as to pleading,

(1)

evidence and instructions, has been established by the
supreme court. Reno v. St. Joseph, 169 Mo. 642; Peters
v. St. Joseph, 117 Mo. App. 449. (2) The granting of
a new trial to defendant on the ground set forth was
unwarranted and arbitrary in the extreme. To justify
it there must have been a glaring deficiency of evidence.
The evidence was almost unanimous in favor of plain-
tiff. Campbell v. Hood, 6 Mo. 611. (3) Before it can
sustain a motion for new trial the trial court must be
satisfied that a different result will ensue upon a second
trial. Under the evidence herein it is impossible for any
man to say a different result was even probable. No
man could say he was satisfied it would ensue. Bragg
v. Moberly, 17 Mo. App. 221; Schawaker v. Dempsey,
83 Mo. App. 355. (4) If the jury had returned a ver-
dict for defendant it could not have stood. The trial
judge could not therefore grant defendant a new trial.
Defendant's evidence would not have permitted a ver-
dict in its favor to stand. Ottomeyer v. Pritchett, 178
Mo. 160; Richardson v. Drug Co., 92 Mo. App. 537.
(5) To warrant a new trial there must be evidence
offered by the party seeking it. It must be legal evi-
dence, and of probative force. Defendant offered no
evidence of that kind. Richardson v. Drug Co., 92 Mo.
App. 537. (6) Before an appellate court will refuse
to review the action of a trial court in granting a new
trial it must appear that there was an abundance of
testimony to support a verdict for the party obtaining
the new trial. In this case defendant has no probative
evidence at all. Langstaff v. Webster Groves, 122 Mo.
App. 510.

*Edwin C. Meservey, City Counselor,* and *W. H. H.
Piatt, Associate City Counselor,* for respondent.

(1) The granting of a new trial on the ground
that the verdict is against the evidence, and against the
weight of the evidence, on the question of negligence

and contributory negligence is discretionary with the trial court. Appellant's assignment of error is without merit for the reason that the appellate court will not interfere with the well-recognized rule that the trial court may grant one new trial at its discretion. R. S. 1899, secs. 800, 801; Ottomeyer v. Pritchett, 178 Mo. 165; Herndon v. Lewis, 116 Mo. 125; Schulte v. Transfer Co., 108 Mo. App. 186; Rockroad v. Martin, 43 Mo. App. 603; Lawson v. Mills, 130 Mo. 170; Reid v. Insurance Co., 58 Mo. 421; Kuentzel v. Stephens, 155 Mo. 285; Seeger v. Silver Co., 193 Mo. 407; Haven v. Railway, 155 Mo. 216. (2) The question of negligence or of contributory negligence ordinarily is for the jury, but when the only fair inference to be drawn from all the evidence is that defendant was not negligent or that plaintiff was guilty of contributory negligence, it is a question for the court. Judgment should be for the defendant, in this case. Sindlinger v. Kansas City, 126 Mo. 325; Cohn v. Kansas City, 108 Mo. 393; Wheat v. St. Louis, 179 Mo. 578; Diamond v. Kansas City, 120 Mo. App. 185; Holding v. St. Joseph, 92 Mo. App. 150; Ray v. Poplar Bluff, 70 Mo. App. 261-262; Roberts v. Telephone Co., 166 Mo. 383; Dezell v. Fidelity & Casualty Co., 176 Mo. 253.

ELLISON, J.—This action is for damages to plaintiff on account of personal injuries suffered by his wife in falling on one of defendant's sidewalks. There was a verdict for the plaintiff in the trial court. Afterwards defendant·filed a motion for new trial which the court sustained, on the ground that "the verdict was against the weight of the evidence as to the obstructions of the sidewalk; and as to contributory negligence of plaintiff's wife." Whereupon the plaintiff appealed from such order.

It seems that plaintiff's wife, herself, brought an action against the defendant city for damages alleged

Canterbury v. Kansas City.

to have resulted to her from the same fall, and that she failed in such action. That, however, in an exhaustive opinion by Judge LAMM, was held not to be *res adjudicata* as to this plaintiff. [Womach v. St. Joseph, 201 Mo. 467.]

But we find ourselves not able to sustain plaintiff's appeal. The ground assigned by the trial court, that the verdict is against the weight of the evidence, is a ground that is not reviewable here except in those extreme cases where there is no substantial evidence in behalf of the successful party. If there is any substantial evidence in favor of the losing party which would have sustained the verdict had it been for him, then the appellate tribunal will sustain a court's discretion in granting the new trial. This is done more for the reason that the matter of passing on the weight of evidence is the province of the trial court. But one new trial can be granted on that account but when that is done we do not interfere short of an abuse of discretion. We discussed the question quite recently in Karnes v. Winn, 126 Mo. App. 712, 105 S. W. 1098, where authorities may be found. [See, also Crow v. Crow, 124 Mo. App. 120.] This view makes it unnecessary to go into several questions raised in the exhaustive briefs presented by respective counsel.

An examination of the evidence in the cause discloses very clearly that there was substantial evidence which tended to support defendant's defense, and the judgment must be affirmed. All concur.