## CAROLINE J. PEPER, Appellant, v. ADOLPHUS S. PEPER et al.

**Division Two, March 21, 1912.**

1. **ORDER GRANTING NEW TRIAL: Not Preserved: Appellate Practice.** Where the order granting to defendants a new trial is not set out in the record, the presumption will be indulged, on appeal, in favor of the court's action, and it will be upheld if sustainable upon any of the grounds of the motion for a new trial.

2. ————: **Appellate Practice: Sustained by Substantial Evidence.** Where under the facts and circumstances in evidence it cannot be said that there was no substantial evidence against

the finding and decree of the court, the appellate court will not hold that the trial court erred in granting to defendants one new trial, where in their motion therefor they aver that the judgment is contrary to the evidence and that there is no evidence to support the judgment quieting the title in plaintiff.

3. ———: ———: **Judgment on Merits.** But where the appellate court has reached the conclusion that the trial court did not err in granting to defendants one new trial, it will not go further and review the case on the merits and direct the trial court to set aside the order granting a new trial and render judgment for defendants. There is no final judgment after the order granting a new trial was entered, and the appellate court's duty, on an appeal from that order, is to review only the court's action in granting the new trial.

Appeal from St. Louis City Circuit Court—*Hon. D. G. Taylor,* Judge.

AFFIRMED.

*Jones, Jones, Hocker & Davis* for appellant.

*Joseph S. Laurie* for respondents.

KENNISH, J.—This is an appeal from an order of the circuit court of the city of St. Louis, sustaining a motion for a new trial. The action was brought under section 650, Revised Statutes 1899, for the purpose of having the title of the parties to the suit ascertained and adjudged in and to the real estate described in the petition. Plaintiff is the daughter of Christian Peper, deceased, spoken of in the testimony as Captain Peper, and the defendants are the two sons and a daughter of the said Captain Peper, also the husband of the daughter defendant, and the wife of one of said sons.

The real estate in controversy is residence property in said city of St. Louis, particularly described in the petition, and of the value of about forty-two thousand dollars.

It is alleged in the petition, in short, that plaintiff is the equitable owner of the property described; that the said Christian Peper in his lifetime promised to buy a lot of ground in said city and improve it by building a suitable residence thereon and to give the same to plaintiff; that in the year 1898 the said Christian Peper did buy the lot described, built a residence thereon and gave the said lot and improvements to plaintiff; that plaintiff did then and there accept said property and entered into possession of the same and has retained possession thereof, adversely to every other person, until the institution of this suit, but that said Christian Peper died without having made a deed to plaintiff to said property. It is further alleged that in consideration for said property, plaintiff and her daughter were to entertain said Christian Peper by performing on the piano and by providing a place where he could visit and dine with plaintiff and her family daily; that these conditions were fully performed by plaintiff, and that plaintiff improved and beautified said lot with flowers, and fruit and ornamental trees, upon the faith of said gift, etc. The prayer is that the right, title and interest of the parties to the suit be ascertained and adjudged by the decree and judgment of the court.

The answer contains as defenses a general denial, a defense of the Statute of Frauds, and an affirmative defense alleging title to said property in Christian Peper at the time of his death; that said Christian Peper devised said property by his last will and testament to the parties plaintiff and defendant; and prays the court to adjudge the title of said parties thereto, in accordance with the provisions of said will; that having ascertained the title and interest of the parties, the court will order and decree partition and sale of the property, and that the proceeds be divided between the parties according to their respective interests, after deducting from plaintiff's share such

sum as may be due from her as rent for the use and occupancy of said premises.

The reply was a general denial.

Plaintiff introduced evidence to prove these facts: Captain Peper was a very wealthy tobacco manufacturer, engaged in business in the city of St. Louis. He had long made his home in the outskirts of the city with his daughter, Mrs. Bell. His other daughter, the plaintiff, was a widow with two children, and for many years before his decease he had supported her and her family. Plaintiff lived nearer the business portion of the city than Mrs. Bell, and Captain Peper was in the habit of going from his place of business to plaintiff's home for his noonday lunch and remaining there for some time thereafter, listening to music and being entertained by the plaintiff and her daughter. In the year 1898 he suggested the purchase of a lot upon which to build a home for plaintiff. The latter selected the lot. A house was built thereon and furnished, all of which was paid for by the father. There was also testimony tending to prove that Captain Peper made statements to the effect that he was building a house for the plaintiff; that he was going to build a house for plaintiff and then he was going to build a house for his other daughter, Mrs. Bell; that he had built the house where his daughter lived and had given it to her. There was much testimony as to statements of the character of the foregoing.

On cross-examination the following facts were brought out: That as long as Captain Peper lived he had the property in controversy assessed in his own name and paid the taxes thereon, and that for several years after his decease such taxes were paid out of his estate. The legal title to the property was in Captain Peper at the time of his death, and when he made his will in August, 1903, being about two months before his decease, after a number of special bequests, it was provided in item six of the will that: "All the rest,

residue and remainder of my property of which I may die possessed of, and not hereinbefore disposed of, I will, bequeath and devise to my beneficiaries in Item III of this will absolutely, in the following proportions, to-wit,'' etc. Much of his real estate was devised in this clause of the will, and the defendants claim the property in suit was included. It was not specifically described in the will.

The inventory of Captain Peper's estate was made by his son, Frederick C. Peper, his executor, and the property claimed by the plaintiff in this suit was inventoried as a part of the estate. The said son Frederick, who made his home with plaintiff, paid rent to the estate on this property for several months after his father's decease.

Defendants introduced no testimony, and the court found in favor of plaintiff and entered a judgment and decree investing plaintiff with the absolute fee simple title to the property. Defendants filed a motion for a new trial, containing, among others, the following grounds, namely: ''(1) The judgment on plaintiff's cause of action is not warranted by the pleadings or evidence; (2) said judgment is contrary to law; (3) said judgment is contrary to the evidence; (4) there is no evidence to support said judgment; (5) the evidence shows that plaintiff was not entitled to recover.''

The court sustained the motion and granted the defendants a new trial, and from such order of the court the plaintiff appealed.

The bill of exceptions contains a direction to the clerk to insert the order of the court granting a new trial, but fails to set out such order; nor does it appear elsewhere in the bill. Therefore a presumption will be indulged in favor of the court's action, if sustainable under any of the grounds of the motion for a new trial. [Stoner v. Royar, 200 Mo. l. c. 451.] Indeed, it is recognized law that even if the order has been

fully set forth and the action of the court cannot be upheld upon the ground assigned by the court, but can be upon another ground, the judgment awarding a new trial will be affirmed. [Candee v. Railroad, 130 Mo. 142; Haven v. Railroad, 155 Mo. 216.]

The scope of the review in this court upon an appeal from an order granting a new trial has been considered in a large number of cases, and the rule is now established that: "An appeal from an order of the circuit court granting a new trial, brings only the ruling of the trial court on the motion for new trial to this court for review. The usual and immemorial practice here obtains in considering the sufficiency of the trial court's reasons for granting the new trial, to-wit, the appeal is here for review on matters of law, and not on the weight of the evidence, nor is this court to substitute its discretion for the discretion of the trial court." [Haven v. Railroad, 155 Mo. 216.] The rule is also stated in the case of Karnes v. Winn, 126 Mo. App. 712, as follows: "It is well established in this State that a trial court may, in its discretion, grant one new trial on the ground that the verdict is against the weight of the evidence and that appellate courts will not interfere except in cases where there has been an abuse of such discretion. [Haven v. Railway, 155 Mo. 216.] And the appellate court will not consider that there has been an abuse of such discretion in cases where there is any substantial evidence against the verdict. [Herndon v. Lewis, 175 Mo. 116; Bank v. Rogers, 100 S. W. 534, 123 Mo. App. 569.]"

Applying these rules to the facts of this case, our duty to affirm the order and judgment of the trial court is clear, for under the facts and circumstances in evidence it cannot be said that there was no substantial evidence against the finding and decree of the court.

Appellant and respondents have briefed and argued the case fully on the merits, and it is suggested

in respondent's brief that in case of an affirmance of the order of the trial court, this court should remand the cause with directions to enter a decree for affirmative relief in partition, in accordance with the prayer of respondent's cross-bill.

We are not favorably impressed with that view of our duty in the premises. The case is not before us on appeal from a final judgment on the merits. Our duty is to review the action of the trial court in granting a new trial. If the record presented a case in which such action disclosed an arbitrary exercise of discretion, without warrant of law, we could well reverse the judgment with directions to reinstate the decree or to overrule the motion for a new trial and enter the proper judgment. But we have held that the court, in granting the new trial, acted within the bounds of its discretion, and therefore there is now no final judgment in the case. Under such circumstances and state of the record this court would be encroaching upon the jurisdiction of the trial court if, in the absence of a final judgment, it attempted to direct a disposition of the case on the merits.

In the case of Groves v. Terry, 219 Mo. l. c. 599, a case in some features not unlike the case in hand, after sustaining the action of the trial court in granting a new trial, this court speaking through LAMM, J. said: "We have deemed it wise to let the case go down and take its own course without ruling on questions on the merits discussed by counsel—among others, whether affirmative relief could go to the extent prayed by defendants on their form of answer without getting beyond the scope of section 650. [Powell v. Crow, 204 Mo. l. c. 485.] We prefer to pass on vital questions when they come here, if ever, on an appeal from a judgment meeting the approval of a trial chancellor on a hearing in which all the facts are developed, and not by way of anticipation on a scant or ambiguous agreed statements of facts."

We think the foregoing is sound law and is in point in this case. The case before us is one addressed to the appellate jurisdiction of the court, and that jurisdiction is invoked only in so far as it calls for a review of the action of the court in granting a new trial. When we have sustained such action, the case then stands in the trial court for a retrial. [Hurley v. Kennally, 186 Mo. 225.]

Our conclusion is that the order of the trial court granting a new trial should be affirmed. It is so ordered. *Ferriss, P. J.*, and *Brown, J.*, concur.