Watts v. Pierson.

## M. F. WATTS et al., Appellants, v. WILLIAM E. PIERSON et al., Respondents.

**Kansas City Court of Appeals, May 5, 1913.**

1. **NEW TRIAL: Verdict not Supported: Discretion.** Where the trial court sustains a motion for new trial on the ground that the verdict is not supported by the evidence, the discretion of such court will be upheld on appeal, if there is any substantial evidence against the verdict.

2. **PRACTICE, APPELLATE: Weight of Evidence: Against the Evidence.** The rule upholding the discretion of a trial court in granting a new trial on the ground that the verdict is against the weight of the evidence, will be applied where the ground stated is that the verdict "is not supported" by the evidence; or "is against the evidence."

3. **INSTRUCTIONS: Directed Verdict.** Instructions directing a verdict should cover all the issues submitted.

4. **PARTNERSHIP: Agreement: Matter of Law.** A written agreement of doubtful meaning or susceptible of two meanings, does not create a partnership as a matter of law.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*Sebree, Conrad & Wendorff* for appellants.

(1) The existence of a copartnership is largely a matter of intention to be gathered from the instrument evidencing the relation of the parties thereto, and their conduct thereunder. Torbert v. Jeffrey, 161 Mo. 654; Beller v. Murphy, 139 Mo. App. 663; Mingus v. Bank, 136 Mo. App. 407. (2) Participation in the profits of a business raises the presumption of a partnership. Sawyer v. Burris, 141 Mo. App. 117; Tamblyn v. Scott, 111 Mo. App. 50. (3) The evidence in the case aids the presumption above referred to that M. F. and J. J. Watts were copartners rather than re-

butting the same. Torbert v. Jeffrey, 161 Mo. 645, 654; Dry Goods Co. v. Diment, 132 Mo. App. 616, 622; Steckman v. Bank, 126 Mo. App. 664; Lengle v. Smith, 48 Mo. 276; Jones v. Stever, 154 Mo. App. 640; Chapin v. Cherry, 243 Mo. 403. (4) Remarks of counsel to the jury in referring to the widow of the deceased partner. Mitchell & Bro. v. Railton, 45 Mo. App. 28; Brokerage Co. v. Rosenheim, 74 Mo. App. 626; Art. 3, R. S. 1909; Secs. 349 and 350, R. S. 1909; Peck v. Traction Co., 131 Mo. App. 143. (5) Counsel for defendants referred to the interest of M. F. Watts which of itself was a justification for counsel for plaintiff calling attention to other interests. Bowles v. Railroad, 163 Mo. App. 697; Tuck v. Traction Co., 140 Mo. App. 335; Fuller v. Robinson, 230 Mo. 55; Reeves v. State, 84 Ind. 116; Galvine v. Bank, 129 Ind. 442; Miner v. Lorman, 66 Mich. 532; Railroad v. Garcia, 62 Tex. 290.

*J. W. Farrar* for respondents.

(1) M. F. and J. J. Watts were not partners in the sheep and goat transaction referred to in plaintiff's petition and this suit is not prosecuted by the real party in interest. The motion to dismiss suit should have been sustained as the written contract shows there was no partnership. R. S. 1909, sec. 1729; Donnell v. Harshe, 67 Mo. 170; Musser v. Brink, 68 Mo. 242; Kellog v. Farrell, 88 Mo. 594; Bank v. Saw Co., 104 Mo. 425; Blair v. Shaeffer, 33 Fed. 218; Lockhart v. Forsythe, 49 Mo. App. 654; Bank v. Outwaite, 50 Mo. App. 124; Deyerle & Porter v. Hunt, 50 Mo. App. 541; Tobert v. Jeffrey, 161 Mo. 645; Glore v. Dawson, 106 Mo. App. 107; Mungus v. Bank of Ethel, 136 Mo. 407; Sawyer v. Burris, 141 Mo. 108. (2) The unsigned document purporting to be deposition of J. J. Watts should not have been admitted as a deposition. R. S. 1909, sec. 6405; State v. Withrow, 138 Mo.

500; 6 Ency. Pl. & Pr. 625; Wood v. Steamboat Co., 19 Mo. 529; Steckman v. Harber, 55 Mo. App. 71; State v. Carlisle, 57 Mo. 102; Hoyberg v. Henske, 153 Mo. 63. (3) There was no evidence of McIntire being held out with real or apparent authority to bind defendants in the contract as set out in the petition. 1 Am. Eng. Ency. Law, p. 989; 6 Am. Eng. Ency. Law, p. 224; Mecham on Agency, pars. 290 and 362; Friedman v. Kelly, 126 Mo. App. 279; Sanders v. Chartrand, 158 Mo. 352; Johnson v. Hurley, 115 Mo. 513; Suddarth v. Empire Line Co., 79 Mo. App. 585; Palmer v. Hatch, 46 Mo. 583. (4) The court should have sustained defendants' peremptory instructions. (a) The written contract showed that there was no partnership. R. S. 1909, sec. 1729; Donnell v. Harshe, 67 Mo. 170; Musser v. Brink, 68 Mo. 242; Kellog v. Farrell, 88 Mo. 594; Bank v. Shaeffer, 33 Fed. 218; Lockhart v. Forsythe, 49 Mo. App. 654; Bank v. Outwaite, 50 Mo. App. 124; Deyerle & Porter v. Hunt, 50 Mo. App. 541. (b) McIntire was not held out with authority to bind defendants. 1 Am. Eng. Ency. Law, p. 989; 6 Am. Eng. Ency. Law, p. 224; Mechan on Agency, pars. 290 and 362; Friedman v. Kelly, 126 Mo. App. 279; Sanders v. Chartrand, 158 Mo. 352; Johnson v. Hurley, 115 Mo. 513; Suddarth v. Empire Line Co., 79 Mo. App. 585; Palmer v. Hatch, 46 Mo. 583. (c) The evidence disclosed McIntire (M. G. Co.) as principal. Schell v. Stephens, 50 Mo. 375; Thompson Payne Co. v. Irwin, 42 Mo. App. 403; Thompson Payne Co. v. Irwin, 76 Mo. App. 429; Lapsley v. McKinstrey, 38 Mo. 245; McClellan v. Hillyer, 27 Mo. 162; McDonald Crowley Co. v. Boggs, 78 Mo. App. 28; 12 Am. & Eng. Ency. Law, p. 692; Irwin v. Thompson, 27 Kan. 643. (5) The jury should have been discharged on account of improper and prejudicial remarks of plaintiff's counsel. Stelzer v. Street Railway, 210 Mo. 704; Massengale v. Rice, 94 Mo. App. 430; Ensor v. Smith, 57 Mo. App. 584; Ritter v. Bank, 87 Mo. 574; McDonald v.

Cash & Hainds, 45 Mo. App. 66; Evans v. Town of Trenton, 112 Mo. 390; Gibson v. Zeibig, 24 Mo. App. 65. (6) Granting of a new trial is within the discretion of the trial court. Hopkins v. Springfield, 164 Mo. App. 682; Noble v. Kansas City, 222 Mo. 121; Beller v. Murphy, 139 Mo. App. 663; Haven v. Railroad, 155 Mo. 229; Thompson v. Railroad, 140 Mo. 125; Bank v. Wood, 124 Mo. 72; Hewell v. State, 118 Mo. 463; Parker v. Cunningham, 130 Mo. 348.

ELLISON, P. J.—This action was brought to recover damages to plaintiffs for failure on part of defendants to comply with their contract in relation to a lot of sheep and goats. There was a verdict in the trial court for the plaintiffs. Defendants filed a motion for new trial which was sustained, and plaintiffs appealed.

M. F. Watts and J. J. Watts were brothers, the former residing in St. Louis and the latter on a farm in Howard county owned by the former. This action was originally brought in the name of J. J. Watts. Afterwards M. F. Watts was made a plaintiff and afterwards J. J. Watts died and M. F. was substituted as surviving partner.

The defendants are partners doing business in Kansas City as live stock commission men and, as claimed by plaintiffs, furnished sheep and goats at different times, at certain stated prices, the agreement being that they would purchase them after being pastured and fed, at a certain advance per pound. The petition is in two counts, containing much in detail, but in view of our conclusion we need not refer to it more specifically.

The court granted a new trial on the ground that the evidence did not support a partnership between the plaintiffs. There was a written agreement between them, reading as follows:

"An agreement made in duplicate the 1st day of May, 1906, between J. J. Watts and M. F. Watts:

"M. F. Watts is the owner of three farms, commonly known respectively as the Miller, McCune and Walden farms, adjoining, and hereinafter referred to as the Farm.

"J. J. Watts has been managing the farm for some years under a written contract and oral agreements. A complete understanding has been reached between J. J. Watts and M. F. Watts as to past matters and for the future conduct of the Farm it is agreed between them as follows:

"1st. All agreements of every character, written or oral, between them with respect to the Farm are hereby declared terminated and all matters arising out of the same pleasantly and to the entire satisfaction of each adjusted. M. F. Watts is the owner of the Farm, as well as of all personal property of every description thereon or appertaining thereto, save and except the household goods of J. J. Watts and his family.

"2nd. The farm and personal property including stock thereon has cost M. F. Watts thirty-six thousand dollars ($36,000); and the live stock, wheat in the field, old corn and cash on hand are now estimated as follows: (enumerating $8050 worth of property).

"3d. The fiscal year for farming operations shall be from May 1st to April 30th—the first fiscal year beginning May 1, 1906.

"4th. J. J. Watts shall continue to manage the Farm on the following basis: He shall be permitted to occupy, with himself and family, the dwelling house on the Farm, use from the farm firewood and such products as he may desire for his table, and shall receive and be paid annually the sum of six hundred dollars ($600) for his personal services; at the end of each fiscal year if the net profits are one thousand six hundred and fifty dollars ($1650) or below that amount,

the entire net profits shall be paid over to M. F. Watts; all of the net profits over and above one thousand six hundred and fifty dollars ($1650) shall be divided between J. J. Watts and M. F. Watts; profits shall be paid at the end of each fiscal year.

"5th.   This agreement shall continue for ten years from May 1, 1906, should J. J. Watts continue to live during that time, and shall continue after said ten years so long as the net profits to M. F. Watts, his heirs, executors, administrators or assigns, shall be not less than two thousand dollars ($2000) per year."

This writing does not prove the existence or non-existence of a partnership, as a conclusion of law. It may or may not have formed the basis for one. There was other testimony in plaintiffs' behalf which was given by witnesses. The entire evidence for plaintiffs did not establish a partnership as a matter of law. It depended on the belief or finding of a jury, considering all the evidence. The evidence submitted by plaintiffs, without regard to that introduced by defendants, left the question for the jury. There was evidence in defendants' behalf tending to show there was no partnership. In this state of the case we must affirm the judgment granting the new trial. The rule is that when the trial court in its discretion grants a new trial because the verdict is against the evidence, or is not supported by the evidence, its discretion will be upheld on appeal if there is any substantial evidence against the verdict. [Herndon v. Lewis, 175 Mo. 116, 125; Lead & Zinc Co. v. Webster, 193 Mo. 351; Seeger v. Silver Co., 193 Mo. 400; Karnes v. Winn, 126 Mo. App. 712; Canterbury v. Kansas City, 130 Mo. App. 1.]

Those cases were where the verdict was said to have been against the weight of the evidence, while the order in this case was that "the verdict was not supported by the evidence." We take it that the rule as to nonsupport by the "weight" of the evidence ap-

plies; since, if it is not supported by the evidence it, necessarily, is not supported by the weight of the evidence. In Baughman v. Fulton, 139 Mo. 557, a cause stated in the motion for new trial was that "the verdict is contrary to the law and the evidence," and "because the verdict is against the weight of the evidence." But the record showed the motion was "sustained for the reason that the verdict of the jury is against the evidence." The opinion shows such reason not distinguishable from "weight of the evidence." It is therefore clear that we have no ground for interference with the court's order.

It may be well to suggest that the instructions for plaintiff's must not exclude the burden of proving a partnership, as they do with their present wording. The first one directs a verdict for them provided the jury believed that throughout the transactions J. J. Watts "was acting for himself and M. F. Watts under a certain agreement between them." Such proviso does not require a finding of partnership. It should be made to do so. The second instruction directs a verdict without even the proviso of the first, or a reference to it. The third instruction has the same defect as the first. The fourth has the fault of the second. It contains a faint restriction in the first part by referring indefinitely to other instructions, but that does not cure the faulty omission.

It is unnecessary to discuss the further reason of the court as to misconduct of counsel in argument, as extrinsic matters will doubtless be omitted at another trial.

The judgment is affirmed. All concur.