LUTHER HIGGINS et al., Appellants, v.
JEFFERSON P. HIGGINS.

Division One, May 31, 1912.

1. **NEW TRIAL: Order: Record Entries.** For the purpose of affording a basis for review of the action of trial courts in granting new trials, the law requires them to specify of record their reasons for so doing.

2. ————: **Verdict: Common Law Power to Set Aside.** In addition to its statutory power to award new trials upon the filing of motions as prescribed by statute, the trial court is possessed of an inherent power to set aside any verdict or judgment during the term when it was rendered, but this latter power expires after the end of the term.

3. ————: **Appeal from Order: Things Reviewable.** On an appeal from an order granting a new trial it is the duty of the appellant to show that there was error in making it for any of the reasons assigned. This, however, does not necessitate a reversal of the action of the trial court, for the respondent may call attention to any errors other than those

referred to by the trial court, contained in the motion for new trial, as a sufficient ground to sustain the ruling appealed from.

4. ————: **Order Discretionary: Affirmed on any Substantial Evidence.** The power of the trial court to grant a new trial for the reason that the verdict was against the weight of the evidence is highly discretionary, and its ruling must be affirmed if there was any substantial evidence to support it.

5. ————: **Assignment in Motion: "Against the Evidence" Equivalent to "Against the Weight of the Evidence."** An assignment in a motion for a new trial that "the verdict is against the evidence" was sufficient to invoke the ruling of the trial court on the question of the weight of the evidence.

6. ————: **Appeal: Matters Considered.** In an appeal from an order granting a new trial in a will contest, the Supreme Court rules simply upon the action of the trial court in granting the new trial on the ground that the verdict was against the evidence, and refrains from any ruling on the legal effect of the evidence as a whole.

Appeal from Clinton Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED AND REMANDED.

*J. C. Wilson, A. G. Knight, C. W. Bolster, Robinson & Woods,* and *F. B. Ellis* for appellants.

The second assignment of the trial court in the order granting a new trial, to-wit: "The verdict is against the weight of the evidence," is erroneous. Because no such grounds were embodied in the motion for a new trial; indeed such a contention would have been inconsistent with the defendants' other contention, that there was not sufficient evidence to take the case to the jury, and that the court should give the peremptory instruction, which he says he should have given in his third grounds for sustaining the motion for a new trial. For this assignment assumes that there was evidence pro and con, but that the greater weight of the evidence preponderated in favor of defendants. It is a rule of procedure and practice in this

State, that no grounds will be considered for a new trial, except such as are specified in the motion for a new trial, and it has been expressly ruled in this State, that "the verdict was against the evidence" is not a specification that the verdict is against the preponderance or greater weight of the evidence. Snyder v. Railroad, 85 Mo. App. 498.

*R. H. Musser, B. T. Kesterson, Ira B. Hyde & Son, E. M. Harber* and *Orton & Orton* for respondents.

(1) The court made no error in setting aside the verdict on account of his failure to direct a verdict sustaining the will. (a) There was no substantial evidence to overthrow defendants' prima facie case as to the mental capacity of John M. Higgins to make this will. Von De Veld v. Judy, 143 Mo. 348; Wood v. Carpenter, 166 Mo. 465; Seibert v. Hatcher, 205 Mo. 83; Defoe v. Defoe, 144 Mo. 458; Southworth v. Southworth, 173 Mo. 59; Weston v. Hanson, 212 Mo. 248; Gibony v. Foster, 230 Mo. 106; Tibbe v. Kemp, 154 Mo. 545; Crowson v. Crowson, 172 Mo. 691; Sher v. Linderman, 153 Mo. 276. (b) There was no substantial evidence of the exercise of any undue influence over the mind of John M. Higgins by either Jefferson P. Higgins or Harriet W. Higgins. Teckenbrock v. McLaughlin, 209 Mo. 543; Wood v. Carpenter, 166 Mo. 465; McFadden v. Catron, 138 Mo. 209; Riley v. Sherwood, 144 Mo. 354; Rankin v. Rankin, 61 Mo. 295; Schierbaum v. Scheme, 157 Mo. 1; Tibbe v. Kemp, 154 Mo. 545; Crowson v. Crowson, 172 Mo. 691. (2) The court committed no error in setting aside the verdict in this case as against the weight of the evidence. (a) The court has the power to set aside a verdict and grant a new trial upon a ground not contained in motion for new trial and there is nothing in plaintiffs' contention that the statement in the mo-

tion "that it is against the evidence" does not raise that question. Lowell v. Davis, 52 Mo. App. 342; Parker v. Britton, 133 Mo. App. 270; Milling Co. v. Transit Co., 122 Mo. 290. (b) The order granting a new trial on account of the weight of the evidence will not be set aside by appellate court where there is conflict in the evidence. Easey v. Transit Co., 186 Mo. 229; Fitzjohn v. Transit Co., 183 Mo. 74; Bartlet v. Mills, 143 Mo. App. 14.

BOND, C.—This is an action by six of the children of John M. Higgins, deceased, against three of his children, his widow, and executors, to set aside his will on the grounds of want of testamentary capacity and for undue influence. The case was begun in Mercer county; a change of venue awarded to plaintiffs to Clinton county, where it was tried, and the jury returned a verdict against the will.

John M. Higgins died April 20, 1907. He was survived by a second wife and by nine children—five men and four women—who were born of a former marriage entered into about thirty-eight years before the death on February 22, 1903, of his first wife. He was then about sixty years of age. All of his children had married and moved away except one, Mollie Virden, who married within three months thereafter and also moved away. The ages of his children were between twenty-one and thirty-eight years. He then lived on his farm of about six hundred acres, six miles from Princeton. He married a second time, August 7, 1904. His second wife bore no children.

The testimony for plaintiffs tends to show that his second marriage was opposed by eight of his children and disapproved by the other; that prior to the death of his first wife he had suffered two slight strokes of paralysis; that he met with a more pronounced one in September, 1905, and had a final stroke in April, 1906; that the two last strokes of paralysis

in an increasing degree affected his left arm, side and
leg and twisted the corner of his mouth and nose and
impaired his power of articulation; that after the last
attack he was constantly under medical treatment and
required the service of a personal attendant, and was
able to walk only with a stick and crutch; that he was
brought to the town of Princeton in the fall of 1906
and resided in a home which he had purchased there
and deeded to his second wife, until his death; that
during this period and until the end of his life he
talked incoherently and in a rambling fashion, was
forgetful of the child of one of his daughters, failed
to recognize one of his children, and on the occasion
of making purchases in a store which he paid for in
cash, immediately thereafter offered to pay again;
that he was nervously unstrung, discontented with his
life in the town to which he had been taken after his
last attack in order to receive certain medical treat-
ment and to be near his physician; that he complained
that one of his children, J. P. Higgins, commonly
called Dug, had obtained from him a deed to a certain
piece of land and would not return it to him so that
he could make an equal division of his estate; that on
February 27, 1907, all of his children except Dug joined
in an application to the county court to have a guard-
ian appointed to manage his estate; that he was able
to be present for a half day only at the trial, which
lasted two days, and was in a condition weak and help-
less and unable to talk audibly and subject to violent
excitement. The jury returned a verdict denying the
guardianship application; that within a few days there-
after, 4th or 5th of March, 1907, he executed a deed
to his wife of 120 acres of land and the improvements
thereon, which deed was destroyed and another exe-
cuted to her for the same amount of land with no im
provements on it; that this deed was made to one of
the attorneys who thereafter conveyed to the wife, and
was confirmed in terms by the will executed by him

on the 5th day of March, 1907; that in the opinion of witnesses introduced by plaintiffs and a medical expert he did not have mental ability to transact business affairs at that time.

Plaintiffs adduced testimony tending to show admissions made by J. P. (Dug) Higgins and the widow touching their influence over the mind and actions of the deceased; that by the terms of his will he devised his farm and personal property, to-wit: (1) A confirmation of his deed of gift of 120 acres of land to his wife in full of her rights as dowress; (2) a bequest of $600 in lieu of all allowances out of his personal estate to which she would be entitled under the statutes of Missouri; (3) to each of his children one dollar and certain other bequests, to-wit: (4) to his daughter Mollie Virden eighty acres, subject to a mortgage; (5) to his son, Richard Higgins, sixty acres; (6) to his son, Jefferson P. Higgins, commonly called Dug, seventy-nine acres and a confirmation of previous deeds for 100 acres, making 179 acres; (7) to his daughter Belle Lowe one acre; (8) to his daughter May Boxley about four acres; (9) to his son Joseph Higgins three acres; (10) to his son Ed Higgins three acres; (11) to his son Luther Higgins one acre; (12) to his daughter Fannie Easter one dollar with a confirmation of a previous gift of forty acres and $200. The balance, residue and remainder of his estate he bequeathed to his children share and share alike; and thereupon appointed the executors named in the petition to carry out his will.

On the other hand, the testimony for defendants tended to prove that the testator at the time of making his will and the instruments therein referred to was mentally capable of transacting his business; that he was conscious of all the names and relationship of the persons entitled to his bounty, as well as the character, kind and location of his property; that he was aware of the purposes and provisions of the will

and deeds, and specially directed the contents and provisions of each at the time they were executed; that in the opinion of the physicians who attended him after the last two strokes of paralysis and at the time of the execution of his will, he was capable of managing, directing and transacting his ordinary business affairs; that the physical weakness suffered by him had not up to that time affected his mind so as to prevent intelligent action in the disposition of his business affairs; that he was incensed against all of his children except J. P. Higgins, commonly called Dug, on account of their violent opposition to his second marriage and on account of the institution of the inquisition against him in the county court.

After the verdict against them, the defendants filed motion for new trial, assigning, among others, the following grounds: 1st. The verdict is against the evidence; 7th. In substance, that the court erred in admitting evidence as to the declarations and statements of some of the defendants, which, although withdrawn, had biased the jury and influenced the verdict; 9th, that the court erred in overruling the demurrer to the evidence offered by defendants at the close of the case.

Upon consideration of this motion the court sustained the same for the following reasons: (1) Because the court erred in admitting the declarations of Mrs. Harriett and J. P. Higgins, and their evidence was so damaging to defendants that it was not cured by an instruction to the jury that they should not consider such declarations; (2) the verdict was against the weight of the evidence; (3) the court should have given an instruction at the close of all the evidence in the case that. the instrument offered in evidence was the last will and testament of the deceased, John M. Higgins. Plaintiffs appealed.

## OPINION.

I. For the purpose of affording a basis for review of the action of the trial courts in granting a new trial, the law requires them to specify of record their reasons for so doing. [R. S. 1909, Sec. 2023.] In addition to its statutory power to award new trials upon the filing of motions as prescribed by statute, the court is possessed of an inherent power to set aside any verdict or judgment during the term when it was rendered, but this latter power expires after the lapse of the term. [Ewart v. Peniston, 233 Mo. 695.] In the case at bar the order of the court was made after the end of the term at which the verdict was rendered and upon a motion for new trial duly filed and regularly continued. The trial judge in conformity with his statutory duty has "specified of record" the grounds upon which he set aside the verdict. After some contrariety of opinion, the rule is now established in this State that on an appeal from such an order it is the duty of appellant to show that there was error in making it for *any* of the reasons assigned therefor. This, however, does not necessitate a reversal of the action of the trial court, for it is within the rights of respondent to call attention to any other errors than those referred to by the trial court, contained in the motion for new trial, as a sufficient ground to sustain the ruling appealed from. In the case at bar the second reason given by the trial judge for his action in setting aside the verdict in this case was that it was against the weight of the evidence. His power to grant a new trial for that reason is highly discretionary and must be affirmed if there was any substantial evidence to support his view. [Casey v. Transit Co., 186 Mo. 229; Peper v. Peper, 241 Mo. 260; Herndon v. Lewis, 175 Mo. 116; Haven v. Railroad, 155 Mo. l. c. 229; Thompson v.

Street Ry., 140 Mo. l. c. 144; Karnes v. Winn, 126 Mo. App. 712.]

As has been shown in the preceding statement there was clear and positive testimony adduced by defendants tending to prove the mental capacity of the testator at the time of the execution of his will, and that he was then free from undue influence on the part of either the defendant J. P. Higgins, commonly called Dug, or Harriett Higgins, his widow. Hence, it is our plain duty to affirm his ruling in that respect unless the motion for the new trial failed in substance to complain that the verdict was against the weight of the evidence.

II. Appellants claim that there is no complaint in the motion for new trial that the verdict is against the weight of the evidence. The ground stated in the motion for new trial is that "The verdict is against the evidence." There can be no doubt about the meaning of this assignment. By its terms the mover clearly attacks the verdict of the jury as being contrary to the evidence adduced on the trial and therefore necessarily against the weight of the evidence. The assignment might have put this logical conclusion in the form of an express statement, but it was fairly comprehended within the terms used and properly raised the question of the weight of the evidence in the mind of the trial judge. The learned counsel for appellants in support of his position cites a case from the Kansas City Court of Appeals, Snyder v. Railroad, 85 Mo. App. 498, in which case the same language was used as that contained in the present motion for new trial. But the ruling there was that such assignment did not support a contention that a new trial ought to have been granted because "*of prejudice and partiality*" on the part of the jury to be inferred because "the preponderance of the evidence against their verdict was so strong as

to raise that presumption.'' Clearly such a presumption could not arise from the mere fact that the ''weight of evidence'' was against the verdict of the jury. Hence, the mover ought to have stated a more definite ground in his motion for new trial which would have given rise to the presumption of prejudice and partiality. The Kansas City Court of Appeals held that could not be sufficiently done by the use of the same language contained in the present motion for a new trial, but it did not hold that such an assignment as the one contained in the case at bar was not sufficient to call the trial court's attention to the mere weight of the evidence. The citation in question does not sustain the position of appellants. Our conclusion is that the language of the motion for new trial on this point in the present case was amply sufficient to invoke the ruling of the trial court on the question of the weight of the evidence; and that having exercised this discretionary power to grant a new trial for that reason, it must be affirmed on that ground supported as it was by the evidence introduced by defendants.

III. The evidence in this case is embraced in a large record which has been carefully considered and its general tenor epitomized in the foregoing statement of the tendency of the testimony adduced by the respective parties. We have done this in order to demonstrate the correctness of our ruling on the point presented by this appeal. The case must be retried on such testimony as may be then available which may differ in essential respects from that adduced on the former trial. No error may intervene. No appeal may be taken. We do not think we should go farther at this time than to dispose of the matter of review presented by the present appeal, and hence we refrain from any ruling on the legal effect of the evidence as a whole contained in the printed record. It

will be time enough to rule on the merits of the case when that becomes a vital matter. A similar course was followed in a recent appeal from an order granting a new trial before this Division. [Groves v. Terry, 219 Mo. l. c. 599, Aff. in Peper v. Peper, supra.] A different course might be taken if this case were here on an appeal from a final judgment. [Hayes v. Hayes, 242 Mo. 155.] We accordingly rule the action of the trial court in awarding respondents a new trial for the reason that the verdict was against the weight of the evidence was properly made, and will be affirmed and the cause remanded. *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BOND, C., is adopted as the opinion of the court. All the judges concur.