Evelyn COFFER, Appellant,

v.

Lula Mae PARIS, Respondent.

No. KCD 27989.

Missouri Court of Appeals, Kansas City District.

May 2, 1977.

Vanet & Reardon, Michael E. Reardon, North Kansas City, for appellant.

Max Von Erdmannsdorff, Von Erdmannsdorff, Zimmerman, Gunn & Trimble, Kansas City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

PER CURIAM.

Plaintiff, a passenger in an automobile which was struck from the rear by an auto-

mobile operated by defendant, filed suit to recover damages for personal injuries. Plaintiff's case was submitted to a jury under the "rear-end doctrine". The jury found in plaintiff's favor and awarded her damages in the sum and amount of $15,000.00. Defendant filed a motion for new trial, alleging twenty-four instances of error, which was sustained by the trial court on the sole ground that plaintiff's verdict directing instruction deviated from the applicable instruction prescribed by MAI. Plaintiff appeals from the order of the trial court granting a new trial.

The accident occurred June 4, 1971, on Vivion Road near Penguin Park, Kansas City, Missouri. After the automobile in which plaintiff was riding had come to a complete stop to permit two automobiles ahead of it to turn off of Vivion Road, it was struck from behind by defendant's automobile. Approximately one-half of the transcript deals exclusively with the testimony of opposing medical experts as to the nature, extent and cause of the personal injuries for which plaintiff sought money damages. Although plaintiff, following the accident and of her own volition, visited and sought professional treatment from four different doctors with reference to neck and back complaints, her own medical expert at the trial was a doctor to whom she was referred by her attorney. This doctor saw her on one occasion, some three years after the accident, for the purpose of appearing as a medical expert on her behalf. Defendant's only medical expert was one of the four doctors whom plaintiff voluntarily went to on frequent occasions following the accident.

At plaintiff's request the trial court gave the following verdict directing instruction:

"Your verdict must be for plaintiff if you believe:

First, defendant *permitted* her automobile to come into collision with the rear of the automobile in which plaintiff was a passenger, and

Second, defendant was thereby negligent, and

Third, as a direct result of such *negligence,* the plaintiff sustained damage." (Emphasis added.)

This instruction, appropriately modified, conformed to MAI No. 17.16 as originally promulgated. MAI No. 17.16 as originally promulgated was revised effective July 1, 1973. Trial of this case commenced on January 6, 1975. MAI No. 17.16, as revised, reads:

"Your verdict must be for plaintiff if you believe:

First, defendant's automobile *came into collision* with the rear of plaintiff's automobile, and

Second, defendant was thereby negligent, and

Third, as a direct result of such *collision* plaintiff sustained damage." (Emphasis added.)

Plaintiff candidly admits on appeal that she requested and the trial court gave the original rather than the revised version of MAI No. 17.16, and, in that sense, doing so constituted a deviation from the appropriate MAI instruction. She seeks to obviate this error by arguing that giving the original version of MAI No. 17.16 was not prejudicial to defendant as it placed a greater burden on plaintiff than would the revised version.

Rule 70.01(c) provides that when an applicable MAI instruction is not used, failure to do so constitutes error, "its prejudicial effect to be judicially determined." Plaintiff, as proponent of the verdict directing instruction which was given, bears the burden of demonstrating that it was nonprejudicial. *Murphy v. Land,* 420 S.W.2d 505, 507 (Mo.1967). See also: *Ogle v. Terminal Railroad Association of St. Louis,* 534 S.W.2d 809, 812 (Mo.App.1976) and *Watterson v. Portas,* 466 S.W.2d 129, 132 (Mo.App. 1971). Whether a deviant MAI instruction, which is not otherwise unfavorable to the opposing party, places a greater burden on the party submitting it than would the appropriate instruction is one test for judicially determining its prejudicial effect. *Burrell v. Mayfair-Lennox Hotels, Inc.,* 442

S.W.2d 47, 53–54 (Mo.1969); and *Griggs v. Riley,* 489 S.W.2d 469, 474 (Mo.App.1972).

The "Committee Comments [Supplemental]" in conjunction with MAI No. 17.16, as revised, fail to shed any light on the reasons underlying its revision. Aware of the Committee on Instructions' dedication to conforming all pattern instructions to the prevailing law, it must be assumed that substantive rather than mere semantic reasons prompted the revision of MAI No. 17.16.

Submission under the "rear-end doctrine" is a submission of specific negligence. *Witherspoon v. Guttierez,* 327 S.W.2d 874, 880 (Mo.1959). The "rear-end doctrine" is clearly expounded in *Hughes v. St. Louis Public Service Co.,* 251 S.W.2d 360, 362 (Mo. App.1952), as "the doctrine or rule of law which recognizes that if one person has his vehicle in a portion of the highway where he should have it or is entitled to have it in view of the course in which he is proceeding, and some other person traveling behind him in the same direction overtakes him and permits his vehicle to run into the rear of the one ahead, the proof of a collision under such circumstances makes out a prima facie case of specific negligence against such other person in charge of the overtaking vehicle." Evidence to this effect, if believed by a jury, supports a finding of negligence against the driver of the overtaking vehicle. *Jones v. Central States Oil Co.,* 350 Mo. 91, 164 S.W.2d 914 (1942).

■ Thus, specificity as to antecedent conduct which caused the collision, for example failure to keep a proper lookout or excessive speed, is not required. Use of the following language in the first paragraph of MAI No. 17.16 as originally promulgated, "defendant *permitted* his automobile to come into collision with the rear of plaintiff's automobile" (emphasis added), intones a requirement of specificity. Use of the following language in the third paragraph of MAI No. 17.16 as originally promulgated, "as a direct result of such *negligence*" (emphasis added), likewise intones a requirement of specificity. This court, hazardous though it may be, opines that the Committee on Instructions deleted "permitted" from the first paragraph of the revised version of MAI No. 17.16 and substituted "collision" in place of "negligence" in the third paragraph thereof to eliminate any overtones of specificity as to antecedent conduct. So viewed, the original version of MAI No. 17.16 given by the trial court at plaintiff's request imposed a greater burden on plaintiff than would the revised version of MAI No. 17.16 and was not unfavorable to the defendant. For this reason, the verdict directing instruction given by the trial court may be and is judicially determined not to have been prejudicial to defendant and therefore fails to support the order entered by the trial court granting a new trial. However, this does not terminate appellate review of the matter.

■ Defendant takes the position, and correctly so, that seven other instances of trial error cited in her motion for new trial and mentioned as points in her brief on appeal, demand appellate review and, if sustained, justify affirmance of the order of the trial court granting a new trial. Support for her position is found in *Overton v. Tesson,* 355 S.W.2d 909, 913 (Mo.1962): "On appeal from an order granting a new trial for a specific reason the burden is on appellant to show that the court erred in sustaining the motion upon the ground specified, . . . and appellant assumes no other burden. . . . Respondent, in defending the action of the court in sustaining the motion, is not confined solely to the ground specified by the court, . . . but may show that notwithstanding the motion is not sustainable on the ground specified, there are other grounds *alleged in the motion for new trial* under which the motion should have been sustained. . . . '[R]espondent is entitled to have the *other assignments of error in his motion reviewed,*' . . . and 'if *other assignments in the motion for a new trial* will support the order granting the new trial, then such order should be affirmed, * * * .' " See also: *Silvey v. Missouri Pacific Railroad Company,* 445 S.W.2d 354, 361 (Mo.1969); *Cantwell v. Zook,* 250 S.W.2d 980, 981 (Mo.1952)· *Higgins v. Higgins,* 243 Mo. 164, 147 S.W. 962, 963 (1912);

and *Hunt v. Hunt,* 387 S.W.2d 234, 238 (Mo.App.1965).

■ It is unnecessary to address all seven assignments of trial error relied upon by defendant as one in particular stands out to justify the granting of a new trial. Defendant submits that the trial court clearly erred in permitting plaintiff's expert medical witness to testify generally as to symptoms, pain and disabilities ordinarily associated with a condition of cervical instability which progressively becomes worse. The alleged error relied upon by defendant appears in the following context. Plaintiff's expert medical witness on direct examination testified that he diagnosed plaintiff's condition as one of instability of the cervical spine. Immediately thereafter, the following testimonial dialogue occurred on direct examination of said witness:

"Q What is the prognosis for Mrs. Coffer's injury with regard to cervical instability?

A I don't believe I can say. I've only examined her the one time; and sometimes they get better, and sometimes they get progressively worse.

Q If it were to get worse, what problems could arise?

A Well, if it gets worse, if it continued,—

[DEFENSE COUNSEL]: Excuse me just a moment. I want to object to that question because it calls for speculation and conjecture.

THE COURT: Sustained.

Q [PLAINTIFF'S COUNSEL] Doctor, in your experience, what problems ordinarily arise if the cervical instability were—

[DEFENSE COUNSEL]: Excuse me. Object to the question for the same reason.

THE COURT: I'm sorry; I didn't hear your question, counsel.

[PLAINTIFF'S COUNSEL]: I was asking the Doctor what difficulties ordinarily arise in his experience as a result of cerfical [sic] instability, if it continued to become worse.

THE COURT: Overruled. He may answer."

Plaintiff's expert medical witness then proceeded to describe in considerable detail symptoms, pain and disabilities attendant upon a condition of cervical instability which has become worse.

The trial court erred in admitting, over defendant's objection, the above testimony by plaintiff's expert medical witness. This conclusion is firmly buttressed by *Hahn v. McDowell,* 349 S.W.2d 479, 482 (Mo.App. 1961), involving analogous medical testimony objected to by the defendant therein, which this court takes the liberty of quoting from at some length: "Neither doctor gave it as his opinion that such development was reasonably certain to result, nor even that it would probably result from the injury. We think the evidence was clearly incompetent and prejudicial. It is undoubtedly true that in an action to recover damages for personal injuries testimony of experts as to the future consequences which are expected to follow the injury are competent, but to authorize such evidence, however, the apprehended consequences must be such as in the ordinary course of nature, are reasonably certain to ensue. It is not enough for the doctor to testify to the possibility of a certain result; his testimony should show that it is reasonably certain to follow the injury. Consequences which are contingent, speculative, or merely possible are not proper to be considered by the jury in ascertaining the damages, for it would be plainly unjust to compel one to pay damages for results that may or may not ensue and which are merely problematical. We are supported in this view by ample authority. See *Mahany v. Kansas City R. Co.,* 286 Mo. 601, 228 S.W. 821; *Plank v. R. J. Brown Petroleum Co.,* 332 Mo. 1150, 61 S.W.2d 328; *Clark v. Mississippi River & B. T. Ry. Co.,* 324 Mo. 406, 28 S.W.2d 174; *Pandjiris v. Oliver Cadillac Co.,* 339 Mo. 711, 98 S.W.2d 969; *Boss v. Ill. Cent. R. Co.,* 221 Ill.App. 504; *Toledo Rys. & Light Co. v. Poland,* 7 Ohio App. 397; *Haase v. Ryan,* 100 Ohio App. 285, 136 N.E.2d 406; *Lorch v. Eglin,* 369 Pa. 314, 85 A.2d 841; *Collins v. City of*

*Janesville,* 99 Wis. 464, 75 N.W. 88; *Lauth v. Chicago Union Traction Co.,* 244 Ill. 244, 91 N.E. 431; *Strohm v. New York L. E. & W. R. Co.,* 96 N.Y. 305; *Turner v. Lovington Coal Mining Co.,* 156 Ill.App. 60; *Rice v. Hill et al.,* 315 Pa. 166, 172 A. 289. The court erred in admitting the evidence complained of, and for that reason defendant is entitled to a new trial."

It is unnecessary to rule on the six remaining assignments of error raised by defendant in order to dispose of this appeal, and this court expressly refrains from doing so since they may not reoccur on retrial of this case, or, if they do, they may not arise in the same context.

The trial court's order granting a new trial is affirmed and said cause is remanded for a new trial.

All concur.