Gary HENDERSON, Respondent,

v.

Milton S. YUST, Appellant.

No. 36891.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Nov. 15, 1977.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1977.

Application to Transfer Denied
Feb. 8, 1978.

W. W. Sleater, Clayton, for appellant.

Richard P. Nangle, St. Louis, for respondent.

STEWART, Judge.

This is an action for breach of a contract of bailment. It was originally filed in the magistrate court, where it was tried before a jury, at the demand of defendant. The trial resulted in judgment for plaintiff in the sum of $750.00. Defendant appealed to the circuit court, where it was again tried before a jury resulting in a verdict and judgment for plaintiff in the sum of $900.00. We affirm.

Viewed in the light most favorable to plaintiff, the jury could have found that plaintiff was employed by Carlson-Oldsmobile Company, a new car dealer. Milton Yust did business with Carlson, purchasing

used cars at wholesale. Plaintiff became acquainted with defendant by reason of seeing him at Carlson's. Plaintiff purchased a new car annually. In March of 1971, plaintiff purchased a 1971 Oldsmobile Delta 88 Royal Convertible, which he financed through a bank. In August of 1971, plaintiff decided to sell the car. He knew that defendant had taken salesmen's cars to sell and spoke to him about selling the convertible. On August 20, 1971, plaintiff turned the car over to defendant for sale. Defendant's son picked up the car. Defendant was to sell it for enough to pay off the note on the car and he was to retain any excess.

Defendant did not have anyone on his lot in north St. Louis on the weekend and it was agreed that defendant would drive the car to his home over the weekend. Defendant was authorized to demonstrate the car to qualified prospects.

At the time the car was turned over to defendant, it had been driven 6,200 miles and was in perfect condition.

In the early part of September, defendant advised plaintiff that the car was sold, and asked for help in financing the car. Plaintiff arranged for the necessary financing. In mid-October, defendant called plaintiff and informed him that "the [convertible] top was messed up." The car was brought to Carlson's lot on October 19. The top had been torn, the top framing was bent in from both sides, and the ty-down locks were broken. The odometer read 9,852 miles and as plaintiff described the car, it was "a mess." The car remained on the lot for about two weeks. It was removed by defendant who had some work done to the top. On November 21, Mr. Yust left the car on the Carlson lot and gave the keys to the manager for delivery to plaintiff.

Defendant's brief contains twelve principal points relied on with twenty sub-points.

Defendant's primary attack is leveled at plaintiff's verdict directing instruction which reads:

"Your verdict must be for plaintiff if you believe:

First, plaintiff was the owner of the Oldsmobile automobile mentioned in evidence, and

Second, plaintiff delivered the Oldsmobile automobile to the defendant for sale in an undamaged condition, and

Third, defendant accepted the Oldsmobile automobile for sale, and

Fourth, defendant returned the Oldsmobile automobile to the plaintiff in a damaged condition, and

Fifth, as a direct result thereof plaintiff sustained damage,

Unless you believe plaintiff is not entitled to recover by reason of Instruction No. 3 ."

Defendant contends that there was no evidence to warrant a finding that the transaction between plaintiff and defendant was a bailment; that the instruction did not properly state the applicable law because it did not require a finding of negligence on the part of defendant; and because the "evidence showed that the defendant had not been negligent and that plaintiff had agreed to and ratified the delivery of the car to a prospective purchaser . . ."

█ The facts set out above clearly demonstrate that the transaction between plaintiff and defendant was one of bailment for sale. *Scholman v. Joplin Automobile Auction Company*, 439 S.W.2d 215, 217[1] (Mo. App.1969), precisely rules the point.

█ In this case, as distinguished from *Scholman*, 439 S.W.2d 215, and other cases relied on by defendant, plaintiff's action was for breach of the contract of bailment. Plaintiff did not plead want of due care or of negligence on the part of defendant. The burden was upon defendant to excuse or explain the return of the convertible in a damaged condition. *Nuell v. Forty-North Corporation*, 358 S.W.2d 70, 75[6, 7] (Mo. App.1962). See also the scholarly dissertation in *Broadview Leasing Co. v. Cape Central Airways, Inc.,* 539 S.W.2d 553, 559[1, 2, 3] (Mo.App.1976). It is apparent that the attacks leveled at the verdict directing instruction are without merit.

Defendant complains that the court erred in refusing to submit to the jury the issue of whether plaintiff's contract was with defendant as an individual or with Yust, Inc., a Corporation. There was oral testimony by defendant that the plaintiff dealt with Yust, Inc., a Corporation. Defendant offered no instruction on this issue. The issue is deemed abandoned. *Superior Ice and Coal Co. v. Belger Cartage Service, Inc.*, 337 S.W.2d 897, 910 (Mo.1960).

Defendant contends that the court made an erroneous alteration to Instruction 3 offered by defendant. There was a conflict between plaintiff and defendant as to permission given defendant to operate the vehicle. Plaintiff contends that defendant advised that the car was sold and that the third party had the car upon that representation. Defendant contends that plaintiff consented that a prospective purchaser could have possession. Also at issue was the question of whether defendant was authorized to drive the car to his home every day or just on weekends.

Instruction 3 given by the court reads:
"Your verdict must be for the defendant, Milton S. Yust, if you believe:

First, plaintiff agreed to the delivery of the Oldsmobile automobile to a prospective purchaser and it was damaged while in the possession of the prospective purchaser, *and* (emphasis added)

Second, plaintiff authorized defendant to drive the Oldsmobile automobile home each day and the mileage incurred was reasonable."

Defendant had submitted the two issues in the disjunctive. The court refused to give the instruction as offered and made the alteration substituting the word "and" for "or" between paragraph first and paragraph second. Defendant argues that the instruction as given was erroneous because defendant was entitled to a verdict if the jury believed either paragraph first or second. The defendant may not give a disjunctive submission unless each alternative theory of defense would completely exonerate the defendant. *Commerford v. Kreitler*, 462 S.W.2d 726, 735[10] (Mo.1971).

It is apparent that a finding that "plaintiff authorized defendant to drive the Oldsmobile home each day and that the mileage defendant incurred was reasonable" would not exonerate defendant for the damage to the convertible top.

Defendant also complains of the failure of the court to give Instruction Number A, which was submitted by defendant. This instruction submitted four theories of defense in the disjunctive. The fourth theory of defense submitted in Instruction Number A, is essentially the same theory of defense as that contained in paragraph second of Instruction No. 3 discussed above. What we have said there rules this issue.

We have read the transcript and the brief of counsel and have carefully considered each of the other points. Some of these points have not been preserved for our review, others violate Rule 84.04(d), others are answered by the authorities cited in the first issue discussed in this opinion. As to the remaining points, we find no error of law. A discussion of these points would be of no precedential value. Rule 84.16(b).

Finding no prejudicial error the judgment of the trial court is affirmed.

McMILLIAN, P. J., and REINHARD, J., concur.