**HEREFORD CONCRETE PRODUCTS, INC., Respondent,**

v.

**AEROBIC SERVICES, INC., Appellant.**

No. 38207.

Missouri Court of Appeals,
St. Louis District,
Division Four.

April 4, 1978.

Leroy Crouther, Jr., Thad F. Niemira, St. Louis, for appellant.

Pannell, Dodson & Robinson, Robert J. Robinson, Festus, for respondent.

ALDEN A. STOCKARD, Special Judge.

Pursuant to jury verdict the trial court entered judgment in favor of plaintiff in its action on account and defendant has appealed.

Other than a contention that the jury verdict "was against the overwhelming weight of the evidence," an issue not reviewable on this appeal, *Parks v. Midland Ford Tractor Company,* 416 S.W.2d 22, 26

(Mo.App.1967), appellant's points are directed solely to the correctness of two instructions. Therefore, a brief statement of the facts will suffice.

In 1970 respondent and appellant entered into an oral agreement whereby respondent was to manufacture concrete septic tanks according to plans and specifications furnished by appellant. Because of certain disagreements, not here material, the arrangement was terminated in August 1973. Respondent brought this suit seeking to recover the sum of $11,471.00, alleged to be the amount owed for the production of tanks during July 1973.

Appellant challenges Instruction No. 2, the verdict directing instruction given at the request of respondent, which followed without modification MAI 26.03 entitled "Verdict Directing—Action on Account." In its point appellant asserts the instruction is erroneous because (a) it "did not state the necessary contract element, that plaintiff had performed or stood ready to perform all of the matters to be performed by it;" (b) it did not require a finding "that plaintiff's charge had not been paid and that as a result thereof, plaintiff had been damaged;" and (c) it "is not supported by the evidence" and it applies "only where [the] contract terms are not in dispute and not * * * where the evidence established numerous disputes as to the nature of each party's performance and the quality thereof."

Appellant made no specific objection at trial to Instruction No. 2. In the motion for new trial the only reference to it was in relation to an assignment of error concerning Instruction No. 5, the measure of damages instruction. It was there asserted that Instruction No. 5 was "inconsistent with plaintiff's verdict directing instruction, that being Instruction No. 2 * * *." It is readily apparent that appellant's motion for new trial did not challenge Instruction No. 2 for any of the reasons advanced on this appeal.

In order to preserve for appellate review an allegation of error relating to an instruction, when no specific objection was made at trial, the specific objection must be presented in a motion for new trial. Rules 70.02 and 78.07. This requirement is designed to afford the trial judge an opportunity to correct errors without the delay and expense of an appeal, and it is to be strictly enforced. *Safe-Buy Real Estate Agency, Inc. v. Hemphill*, 498 S.W.2d 599, 601 (Mo. App.1973). Therefore, "No designations of error shall be examined in any civil matter from a jury tried case except such as have been presented to or expressly decided by the trial court." *Belter v. Crouch Bros. Inc.*, 554 S.W.2d 562, 563 (Mo.App.1977), citing Rule 84.13(a) and *Commercial Credit Equipment Corp. v. Colley*, 542 S.W.2d 329 (Mo.App.1976).

The assertions of error as to Instruction No. 2 were never presented to the trial court, and for that reason are not preserved for appellate review.[1]

Appellant also challenges Instruction No. 5, which followed the wording of MAI 4.04 with an immaterial modification, and was as follows:

"If you find the issues in favor of plaintiff on plaintiff's claim for damages, then you must award plaintiff the reasonable value of the goods furnished with interest from August 31, 1973."

Appellant asserts this instruction was erroneous because (a) it is inconsistent with the verdict directing instruction "which pertained to the terms of a breach of contract with agreed upon prices per unit," and this instruction "speaks in terms of reasonable value and allowed the jury a roving commission to determine damages;" (b) plaintiff did not prove "by expert testimony" the reasonable value of the product sold; and (c) in a "bilateral contract situation, with disputed matters, the proper instruction to use would have been MAI 4.01, the general damage instruction."

---

1. Appellant does not urge in its brief that the allegation of error contained in the point be considered pursuant to the plain error doctrine as set forth in Rule 27.20(c), and we do not find that plain error exists; in fact, we consider the instruction not subject to attack for any of the reasons advanced.

Plaintiff's petition alleges an action on account, and the verdict directing instruction followed without modification the approved MAI instruction to be used in an action on account. There is no particular damages instruction in MAI for use in an action on account.

We find no inconsistency between Instruction No. 2 [MAI 26.03] and Instruction No. 5 for the reasons asserted by appellant in (a) above. Instruction No. 2 submitted that "at defendant's request plaintiff furnished to defendant certain concrete products" and that plaintiff charged a total of $11,471.00 for such goods," and that "plaintiff's charges were *reasonable*." Instruction No. 5 submitted that if the jury found for plaintiff it should award to plaintiff as damages "the *reasonable* value of the goods." Appellant argues that plaintiff's "pleadings and evidence" pertained to a breach of a contract with agreed prices per unit, and Instruction No. 5 "speaks in terms of reasonable value." But, as noted, the verdict directing instruction referred to charges of $11,471.00 for the goods furnished and the jury was required to believe that those "charges were reasonable." No inconsistency exists between the two instructions.

We also find no merit to the contention that the instruction is erroneous because it constituted "a roving commission to determine damages." Such conclusionary statement does not present an issue for determination. In following the approved language of MAI the instruction presented the issue of damages in the concise, simple and easily understood language in accord with the objective of MAI.

As to appellant's contention in part (b) above that plaintiff did not prove by expert testimony the reasonable value of the product sold, we note, first the permissible proof of reasonable value is not limited to expert testimony; second, there was no contention that there was no proof that "plaintiff's charges were reasonable" as submitted in Instruction No. 2, and third, in the motion for new trial, in reference to Instruction No. 5 there is no assignment of

error that there was no proof of the reasonable value of the goods sold. The contention is not preserved for appellate review.

In part (c) appellant asserts, but does not state why, MAI 4.01 was the proper instruction. He asserts that this is a "bilateral contract situation," but as previously noted, it was submitted as an action on account. The difference in submission is recognized in MAI where MAI 26.02 is the form to use for "Breach of Bilateral Contract—Breach Sole Issue," and MAI 26.03 is the form to use for an "Action on Account." Appellant cites *North County School District v. Fidelity & Deposit Company,* 539 S.W.2d 469 (Mo. App.1976) as authorizing the use of MAI 4.01 in "contract actions." In that case the verdict directing instruction was in the form of MAI 26.02, and the use of MAI 4.01 was held not improper. The case does not hold that MAI 4.04 is improper when the case is submitted as an action on account.

When Instructions No. 2 and No. 5 are read together we find that they are not inconsistent and that they fairly instruct the jury on the issues, and that they do not permit the jury to arrive at its verdict through speculation and conjecture.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.