**KUNKLE WATER AND ELECTRIC, INC., Appellant,**

v.

**NEHAI TONKAYEA LAKE ASSOCIATION, INC., Respondent.**

**No. WD 32492.**

Missouri Court of Appeals, Western District.

July 27, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Sept. 15, 1982.

Application to Transfer Denied Oct. 18, 1982.

Harry L. Porter, Marceline, for appellant.

Michael L. Midyett, Keytesville, for respondent.

Before SHANGLER, P. J., and PRITCHARD and DIXON, JJ.

PRITCHARD, Judge.

Upon an action upon an account, appellant sued respondent for labor and materials required to install a water system, having previously billed respondent for $53,-892.84, crediting $35,863.47, and claiming a balance due of $18,029.07. The jury returned a verdict for exactly the latter amount, the case having been submitted to it under MAI 26.03 (form for action on account) thus:

"INSTRUCTION NO. 7

"Your verdict must be for plaintiff if you believe:

"First, at defendant's request plaintiff furnished to Nehai Tonkayea Lake Association, Inc., certain material and labor between August 25, 1977 and May 23, 1978, and

"Second, plaintiff charged a total of $53,892.84 for such material and labor of which only $35,863.47 was paid, and

"Third, plaintiff's charges were reasonable.

"Unless you believe plaintiff is not entitled to recover by reason of Instruction No. 10."

[The tail encompassed an instruction under recoupment or counterclaim, the jury finding against the issue, which is not here presented.]

A proper damage Instruction No. 9 on the submission of the action on account was given under MAI 4.04, modified. See *Hereford Concrete Products v. Aerobic Services, Inc.,* 565 S.W.2d 176, 178[5] (Mo.App.1978), approving such a submission. Instruction No. 9 is: "If you find in favor of Plaintiff, then you must award it the reasonable val-

ue of the material and labor furnished with six percent (6%) interest thereon from May 23, 1978 to June 30, 1979, and at nine percent (9%) thereafter." [Plaintiff stated to the court that the interest submission was error, and judgment was therefore entered on the jury's verdict of principal only, so there is no issue as to interest being awarded.] Note that the Hereford case states that the submission of the damage instruction, "reasonable value," followed the same words of the action on account instruction under MAI 26.03.

The difficulty here is that the court gave another damage instruction, No. 8, "If you find in favor of Plaintiff, Kunkle Water and Electric, Inc., on plaintiff's claim for damages, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe it sustained as a direct result of the conduct of defendant as submitted in Instruction No. 7." The trial court found "that the giving of the two damage instructions did not confuse the jurors and did not prejudice the outcome of the case", but nevertheless, ruled that it should not be done or tolerated in the courts, and granted a new trial on that basis. Instruction No. 8 is apparently a modification of MAI 4.01, modified, entitled "Damages-Personal and Property", and under plaintiff's theory of action on account, it was erroneous.

■ Rule 70.01(b) provides that whenever MAI "contains an instruction applicable in a particular case which the appropriate party requests or the court decides to submit, such instruction shall be given to the exclusion of any other on the same subject." As noted, MAI 4.04 was the appropriate instruction, modified to include "material and labor" instead of "goods" furnished. The giving of Instruction No. 8 was error, but under Rule 70.01(c), its prejudicial effect must be judicially determined.

Respondent contends in argument that the giving of Instruction No. 8 allowed the jury to award appellant "any damages" it sustained, saying that appellant introduced

evidence of additional items of damage beyond labor and material furnished (properly submitted in Instruction No. 9, supra), i.e., hotel bills and meals for employees, and per mile charges on vehicles. The argument would have validity if the jury returned a verdict including amounts for those items, but it did not do so. Appellant's documentary evidence showed $18,029.07 for labor and materials furnished, the amount prayed therefor in the petition (exclusive of $1,038.81 sales tax claimed). The jury's verdict was for $18,029.07, and no more as for principal due. The error in giving Instruction No. 8 was cured by the verdict, and respondent does not contend that the amount thereof is excessive. Compare *Matulunas v. Baker,* 569 S.W.2d 791, 796, et seq. (Mo.App.1978), a warranty of habitability case in the sale of a new home in which MAI 4.01 submitted a diminution in value theory. The jury did not follow plaintiffs' evidence of decrease in market value, but returned a verdict for the exact costs for labor and material in effecting repairs. The court found no prejudicial error on those facts.

The giving of the second and erroneous damage instruction is not here condoned or approved. It is simply that there exists no prejudicial error.

The judgment is reversed and the case is remanded with directions to reinstate the verdict for plaintiff in the amount of $18,029.07.

All concur.

## ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM:

In its motion for rehearing or transfer to the Supreme Court, respondent is correct in stating that the foregoing opinion is incorrect in the statement that the jury did not return a verdict including amounts of hotel bills and meals for employees, and mileage charges on vehicles. An examination of the itemization of appellant's account rendered to respondent shows that these items were included therein, and the jury returned a verdict for exactly the total of the account, $18,029.07, the same amount prayed for in the petition to which the itemized account was attached. The account was received into evidence as an exhibit.

Other documents received into evidence establish, as the jury could determine, that the agreement between the parties included reimbursement to appellant for mileage, expenses, and travel time (Plaintiff's Exhibit 2). Respondent Marion W. Clark, in Plaintiff's Exhibit 3, acknowledged that installation cost included travel, shipping, expenses and labor, and in another letter, Plaintiff's Exhibit 9, remarked that "the mileage seems a bit high" as included in a bill.

■ The matter of any omission in Instruction No. 9 to include any damages occasioned by the failure to reimburse appellant for meals, lodging and mileage was not presented to the trial court in respondent's motion for new trial, and thus was not ruled at all below. The first time it is mentioned is in the argument portion of respondent's brief. It is only where the trial court *has ruled* an issue and it is contended that the ruling is erroneous that a successful respondent may urge the matter as an additional ground on appeal to sustain the judgment. In *Higgins v. Higgins,* 243 Mo. 164, 147 S.W. 962, 963[1–4] (1912), it is said, "[F]or it is within the rights of respondent to call attention to any other errors than those referred to by the trial court, *contained in the motion for new trial,* as a sufficient ground to sustain the ruling appealed from." [Italics added.] This rule has been reiterated in a long line of cases: *St. Charles Sav. Bank v. Denker,* 275 Mo. 607, 205 S.W. 208, 212[10, 11] (1918); *Adams v. Kansas City Southern Ry. Co.,* 83 S.W.2d 913, 915[2–4] (Mo.App.1935) [quashed on the preserved ground of contributory negligence as a matter of law, *State ex rel. Kansas City Southern Ry. Co. v. Shain,* 340 Mo. 1195, 105 S.W.2d 915 (banc 1937)]; *O'Connell v. Dockery,* 102 S.W.2d 748, 750[5, 6] (Mo.App.1937); *Oertel v. John D. Streett & Company,* 285 S.W.2d 87, 99[12] (Mo.App.1955) [the trial court made

no ruling with respect to interest entitlement]; and much later cases: *Silvey v. Missouri Pac. R. Co.,* 445 S.W.2d 354, 361[7] (Mo.1969) [* * * "[A] respondent may show error not relied upon by the trial court (if raised in his motion for new trial) to *support* the judgment, but not to modify or change it. Citing cases."]; *Stahlhut v. Sirloin Stockade, Inc.,* 568 S.W.2d 269 (Mo.App. 1978); *Cascio v. Garrett,* 535 S.W.2d 272 (Mo.App.1976). It appears that the jury could and did find that appellant was entitled to the full amount of its account. Respondent is precluded from presenting on this appeal the matter of omission from Instruction No. 9 the elements of damages for appellant's claim for meals, lodging and mileage because it was not presented to and ruled by the trial court.

The motion for rehearing is overruled, and the motion to transfer to the Supreme Court is denied.