Oscar WEHREND, Respondent,

v.

Mike R. ROKNICK and Bernice E. Roknick, Appellants.

No. 45875.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 27, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

John B. Berkemeyer, Hermann, for appellants.

Larry G. Mittendorf, A. David Arand, Union, for respondent.

STEPHAN, Judge.

This appeal arises from a dispute between plaintiff Oscar Wehrend and defendants Mike and Bernice Roknick. Defendants refused to pay what plaintiff claimed was the balance of the price of a house, which plaintiff built for defendants. At trial, defend-

ants maintained that plaintiff agreed to build the home pursuant to a bid for $36,000. Plaintiff contended that he agreed to construct the house on a "time plus material basis." Plaintiff's amended prayer for relief amounted to $12,501.88. Defendants appeal from a judgment entered on a jury verdict in that amount.

We have carefully examined the transcript of the record, the exhibits filed and the briefs of the parties. We have come to the conclusion that an extended point-by-point discussion would be of no precedential value. The evidence in support of the verdict being sufficient and no error of law appearing, the judgment of the trial court is affirmed in compliance with Rule 84.16(b).

■ From the basic dispute between the parties, i.e. whether the agreement was for a fixed price or one for "time plus materials," as contended by plaintiff, arise all of the points on this appeal. Our review of the testimony, as well as the documentary evidence relating to the various changes in the original plans for the house, satisfies us that the jury could reasonably have concluded that the parties agreed to a "time plus materials" contract. Under such circumstances, there was no error in the trial court's giving MAI 26.03. This action as framed by the pleadings and developed by the evidence possesses all of the classic indices of an action on account, for which MAI 26.03 was specifically drafted. *See Dahlberg v. Fisse,* 328 Mo. 213, 40 S.W.2d 606, 609 (1931). The instruction was supported by the evidence viewed in the light most favorable to the offering party and was the appropriate verdict director. *Stegan v. H.W. Freeman Construction Co., Inc.,* 637 S.W.2d 794, 797 (Mo.App.1982).

■ Furthermore, defendants were free to offer an alternative instruction as to their theory of a contract for a firm price bid. They did not offer such an instruction, and the issue is deemed abandoned. *Henderson v. Yust,* 560 S.W.2d 269, 271 (Mo.App.1977). As we determine that the submission of MAI 26.03 was warranted by the evidence presented, MAI 4.04 was a proper damage instruction. *Kunkle Water and*

*Electric, Inc. v. Nehai Tonkayea Lake Association, Inc.,* 639 S.W.2d 177, 178 (Mo.App. 1982); *Hereford Concrete Products, Inc. v. Aerobic Services, Inc.,* 565 S.W.2d 176, 178 (Mo.App.1978). Consequently, defendants' Points I and II, relating to the giving of MAI 26.03 and 4.04 respectively, are without merit.

■ Lastly, we affirm the trial court's refusal to direct a verdict for defendants. Plaintiff bore the burden of proving that the prices charged for labor and materials were reasonable. *M.F.A. Central Cooperative v. Harrill,* 405 S.W.2d 525, 529 (Mo.App. 1966). That such evidence was furnished by plaintiff's own testimony does not render the evidence insufficient or incompetent. Plaintiff's experience gleaned from thirty-three years in the building business qualified him to testify as to the reasonable value of labor and materials furnished. *Bodde v. Burnham,* 588 S.W.2d 516, 519 (Mo.App.1979). We find no evidence of the charges being otherwise unreasonable; the denial of a directed verdict for defendants was proper.

The judgment is affirmed.

SIMON, P.J., and KAROHL, J., concur.