**In the Matter of Dean Richard GRESHAM, Bankrupt.**

**No. 4256–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

Jan. 8, 1970.

---

Clement J. Wall, Alexandria, Va., for trustee.

Hunton, Williams, Gay, Powell & Gibson, by Gordon F. Rainey, Jr., Richmond, Va., for reclaimant.

## ORDER

OREN R. LEWIS, District Judge.

The trustee in bankruptcy seeks review of the Referee's order of July 1, 1969, as amended on September 26, 1969, holding that certain farm equipment of the bankrupt was the subject of a lease agreement thereby precluding its title from passing to the trustee.

Upon review of the findings of fact and conclusions of law of the Referee and the record before the Referee as certified, including the authorities cited by counsel in their briefs and their argument at the hearing before this Court; and also after a careful study of the provisions of the agreement in question, specifically Sections 12, 13 and 14 therein as requested by the trustee, this Court is of the opinion that the Referee's ruling is correct and should be affirmed, and

It Is So Ordered.

## OPINION AND ORDER OF REFEREE

This is an action by Commercial Credit Equipment Corporation seeking to reclaim three silo-type structures with related equipment more specifically designated as two 20 x 60 SA06 Harvestore structures and unloaders and one 20 x 27 SA08 Harvestore structure and unloader.

The petitioner alleges that the structures were installed under a lease agreement wherein title was reserved unto the petitioner and therefore did not pass to the trustee in bankruptcy upon the filing of the bankruptcy petition.

The trustee opposes the petition on the ground that the lease document is

actually a conditional sales contract which was unrecorded and therefore title to the silos vested in the trustee.

█ It is well settled that in disputes of this nature the law of the state where the chattels are located will govern.

█ Virginia follows the majority view which holds that the mere use of the words lease, rent, bailment, lessor, lessee and similar terms will not be construed to create a lease or bailment where in reality there is actually a conditional sale or security interest. Corbett v. Riddle, 209 F. 811 (4th Cir. 1913).

█ A proper determination, therefore, requires an examination of the substance of the document rather than the mere formality of the wording.

█ It is well established that a lease contemplates merely the use of the designated property for a specified period of time and the return of the property to the lessor at the expiration thereof. A conditional sale would contemplate an ultimate transfer of ownership to the buyer along with the right to use the same until ownership is transferred. Collier on Bankruptcy 70.18; Matter of Rainey, 31 F.2d 197 (D.C. Md.).

█ The leases were executed on July 30, 1964 and June 24, 1965, prior to the effective date of the Uniform Commercial Code in Virginia, and it therefore has no application here.

█ The documents provide for the leasing of the equipment for the specified period of ninety-six months and for the renewal of the lease at the end of that period upon written notice. At the end of the term the units are to be returned to the lessor or sold and the proceeds paid over to the lessor.

The lease is terminable after the period of one year and the units can be sold on the open market but only with the written consent of the lessor at which time the lessor agrees to transfer title to effect the sale.

The agreement further recites that it " * * * is intended to be a lease and the User does not acquire hereby any right, title and interest whatsoever, legal or equitable, in or to any of the Units, or to the proceeds of the sale of any Units except its interest as lessee hereunder."

These represent most explicitly the necessary substantial provisions of a lease and it is the finding of this Court that the agreements were lease agreements and title remained in the lessor. Sanders v. Commercial Credit Corp., 398 F.2d 988 (5th Cir. 1968).

The trustee over the objection of the petitioner presented certain testimony of the bankrupt purportedly to show his intent during negotiations and at the time the contract was executed. Counsel for the petitioner moved to strike that testimony. The motion will be granted and the testimony stricken. The rule that a written contract cannot be contradicted or varied by parol evidence of what occurred between the parties previously thereto or simultaneously therewith is well established. 7 Michies Jurisprudence, Evidence Section 132, and cases cited thereunder.

█ The documents are complete and unambiguous on their face and parol evidence is never admissible to show merely what one of the parties to the contract thought nor in such a case will the Court search for meaning beyond the instrument itself. Globe Iron Const. Co. v. First Nat'l Bank, 205 Va. 841, 140 S.E.2d 629 (1965).

█ The testimony of Frederick H. Brown, who is not a party to the contract and who admittedly was never an agent of the petitioner, certainly cannot alter the agreement.

The trustee relies on the case of Corbett v. Riddle, 209 F. 811 (4th Cir. 1913), however, the lease there provided that at the end of the lease period of six months the equipment, which was a steam shovel, could be purchased for the nominal sum of $10.00. A similar provision is contained in the lease in the

Matter of South View Country Club of Mankato, Inc., 229 F.Supp. 105 (D.C. Minn.1963) also relied on by the trustee. This provision distinguishes these cases from the instant case where at the end of the lease period the property is to be sold on the open market and the proceeds paid over to the lessor. This grants no option to the lessee for only nominal consideration. Burroughs Corporation v. Barry, Trustee, 380 F.2d 427 (8th Cir. 1967).

For the foregoing reasons it is

Ordered that the reclamation petition of Commercial Credit Equipment Corporation be and the same hereby is granted.

/s/ Martin V. B. Bostetter, Jr.
Referee in Bankrupcty

A True Copy, Tester
Martin V. B. Bostetter, Jr.
Referee in Bankruptcy

Alexandria, Virginia
July 1, 1969

By: *Frances E. Mumford*
Clerk

## ORDER OF REFEREE

This cause was heard on motion of Petitioner, Commercial Credit Equipment Corp., for leave to amend its Petition to Reclaim Property, dated January 27, 1969, by including therein certain equipment, consisting of a Forage Harvester and accessories, which equipment is fully described in said motion, and it appearing that the property sought to be included in the Petition to Reclaim Property was leased to the Bankrupt under a lease agreement which, with respect to title of the equipment covered thereby, is identical to the agreements upon which this court has already ruled in its Opinion and Order dated July 1, 1969, it is

Ordered, that Petitioner's motion to amend be, and the same hereby is, granted, and that the property described in said motion be included in the Petition to Reclaim Property, and be subject to the Opinion and Order of this court, dated July 1, 1969, granting that Petition.

Dated: *September 26, 1969*

Enter this:

*[signature]*
Referee