542 S.W.2d 329 (1976)
COMMERCIAL CREDIT EQUIPMENT CORPORATION, Appellant,
v.
Virgil F. COLLEY and Imogene W. Colley, Respondents.
No. 27323.
Missouri Court of Appeals, Kansas City District.
August 30, 1976.
Rehearing Denied October 12, 1976.
Alvin D. Shapiro, Stinson, Mag, Thomson, McEvers & Fizzell, Donald L. Mason, Sheridan, Sanders, Carr, White & Mason, Kansas City, for appellant.
Edward L. Simmons, Howard D. Lay, Donaldson & Lay, Kansas City, for respondents.
Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.
*330 ANDREW JACKSON HIGGINS, Special Judge.
Appeal by Commercial Credit Equipment Corporation from judgment on directed verdicts in favor of Virgil F. and Imogene W. Colley on CCEC's petition and on Counts I and II of the Colleys' counterclaim, and from judgment of $16,000 on jury verdict on Count III of the counterclaim. The question with respect to the directed verdicts is whether certain agreements for the use of farm equipment are leases as contended by CCEC, or conditional sales subject to Sections 428.100 and 428.110, RSMo[1], as contended by the Colleys and found by the court. The question with respect to the money judgment is whether the court erred in giving the instruction which submitted Count III of the counterclaim. Judgment on directed verdicts reversed; judgment on the counterclaim affirmed; cause remanded.
In Count I of its petition, CCEC alleged that on May 8, 1964, the Colleys "executed a certain document known as a Lease" by which they "agreed to lease * * * one Fox Forage Harvester * * * and one Fox Pickup Hay Unit and one Fox Corn Harvester for the stated consideration of $3,646.08 payable $303.84 at the execution * * *, balance to be paid in 33 equal monthly installments of $101.28," beginning June 15, 1964; that the Colleys breached the agreement and, as a result, CCEC sustained damage in sum $1,246.21, for which demand has been made, and for which judgment was prayed.
In Count II, CCEC alleged that on October 7, 1963, the Colleys "entered into a certain Lease agreement" by which they were "leasing * * * certain equipment" and were to pay "the aggregate sum of $23,494.80 payable $279.70 upon the execution * * * and a like sum for 83 months" beginning December 7, 1963; that the Colleys breached the lease, and, as a result, CCEC sustained damage in sum $11,931.50 for which judgment was prayed.
In Counts I and II of their answer and counterclaim, the Colleys alleged that "the lease (in each instance) is a two-party agreement * * * entered into * * * to evidence a conditional sale by means of a lease agreement" within the meaning of Sections 428.100-428.110 and, as a result, "because the plaintiff elected to repossess said property * * * plaintiff must refund seventy-five percent of payments made by defendants and is not entitled by law to any deficiency"; that in June, 1965, CCEC elected to declare default on the conditional sales and repossessed the property February 23, 1966. The Colleys prayed for the dismissal of Counts I and II of the petition and for judgment on their counterclaim for refund of (as amended to conform to the proof) $1012.80 on Count I and $4195 on Count II.
In Count III the Colleys alleged they were defrauded by CCEC through one James Woods and prayed for actual damages of $100,000 and punitive damages of $100,000.
Appellant contends the court erred in ruling the leases were subject to former Sections 428.100 and 428.110 and in the resulting directed verdicts.
Count II of CCEC's petition and Count II of Colleys' counterclaim involve CCEC Exhibit 8:
[See following illustrations]
*331 
*332 
*333 
Count I in each pleading involves CCEC Exhibit 1 which is identical to Exhibit 8 except that it is dated May 8, 1964, and covers the Fox Forage Harvester, Pickup Hay Unit, and Corn Harvester.
The Colleys experienced financial problems in late 1964 resulting in foreclosure by their bank on their dairy herd and default on their payments to CCEC. CCEC repossessed the equipment described in Exhibits 1 and 8 February 23, 1966. On April 20, 1966, CCEC sold the equipment described in Exhibit 1 and, on May 26, 1966, CCEC sold the equipment described in Exhibit 8. The Colleys were credited with the amounts realized by the sales and, as stated in appellant's brief, "[s]uit for the difference was then filed."
The governing statutes follow:
"428.100. Conditional sales void as to creditors unless recorded. In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain to the vendor, lessor, renter, hirer or deliverer of the same, until such sum, or the value of such property, or any part thereof, shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, *334 acknowledged and recorded * * *."
"428.110. Duty of vendor before taking possession of property. Whenever such property is sold or leased, rented, hired, or delivered, it shall be unlawful for the vendor, lessor, renter, hirer or deliverer * * * to take possession of said property without tendering or refunding to the purchaser, lessee, renter or hirer thereof, or any party receiving the same, the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed twenty-five per cent of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in such contract or not * * *."
The parties' contentions involve a proper construction of the contract between them. The real character of the instrument is not determined from its form, but from the intention of the parties as gathered from the contract itself. In determining whether an instrument is a lease or a conditional sales contract and thus subject to the foregoing statutes, a test usually applied is whether the instrument requires or permits the transferee to return the property in lieu of paying the purchase price. If the return of the property is either required or permitted, the instrument will be held to be a lease; if the transferee is obligated to pay the purchase price, even though such price is denominated rental or hire, the contract will be held to be one of sale. Kolb v. Golden Rule Baking Co., 222 Mo.App. 1068, 9 S.W.2d 840, 842[1][3] (1928). See also RCA Corporation v. State Tax Commission, 513 S.W.2d 313, 317[2] (Mo.1974).
The agreements between CCEC and the Colleys require, in paragraph 12, the return of the equipment placed to the use of the Colleys. The agreements do not state a purchase price, and they do not state the aggregate amount of rentals to be a purchase price or the value of the equipment for purposes of a sale. The obligation is to pay rentals, not a purchase price. There is no option to purchase; there is no obligation to buy; there is no provision for passage of title to the Colleys at any time or under any circumstances. The agreements gave the Colleys a right to use the equipment, and obligated them to return the same upon expiration of the use term. Paragraph 16.1 recites the intention of the parties that the agreement is a lease and that the Colleys acquire no right, title or interest in the equipment leased.
The foregoing elements distinguish the agreements between CCEC and the Colleys from conditional sales subject to the conditional sales statutes. RCA Corporation v. State Tax Commission, supra. Cf. Kolb v. Golden Rule Baking Co., supra, where the contract stipulated that if defendant made no default in payments of any one or more of the installments of rental when due, plaintiff would execute and deliver to defendant a bill of sale for the property, the consideration of which shall be the above-mentioned installments of rentals which stamped the instrument as a conditional sales contract. See also: Sanders v. Commercial Credit Corp., 398 F.2d 988, 989 (5th Cir. 1968), where the agreement was "`intended to be a lease'" and lessee did "`not * * * acquire any right, title or interest in * * * the Chattels, except the right to use the same under the terms'" of the lease and "`upon expiration'" the lessor "`agreed to return possession of the chattels' * * * a hornbook definition of a lease"; In re Gresham, 311 F.Supp. 974 (D.C.Va.1970), where the instrument in question was identical to the agreements between CCEC and the Colleys, and in reliance on Sanders v. Commercial Credit Corp., supra, it was said to "represent most explicitly the necessary substantial provisions of a lease * * * the agreements were lease agreements and title remained in the lessor." 311 F.Supp. 976. See also Annotation: 17 A.L.R. 1435, 43 A.L.R. 1257, 92 A.L.R. 323, 175 A.L.R. 1386, where the collected cases construing instruments as conditional sales were construing agreements containing provision for transfer of title, consideration of which was payment without default of installment rentals.
*335 Accordingly, the court erred in finding the instruments to be subject to the conditional sales statutes and in directing verdicts for the Colleys on Counts I and II of CCEC's petition and on Counts I and II of the Colley's counterclaim.
Appellant does not question the sufficiency of evidence to sustain the jury verdict on Count III of Colleys' contention. Appellant contends only that the court erred in giving counterclaimants' verdict-directing instruction on Count III of their counterclaim.
CCEC did not include in its motion for new trial any allegation of error with respect to the verdict-directing instruction on Count III of the counterclaim to preserve it for review. Accordingly, the charge now made is not for review. Rule 78.07, V.A.M.R.
Appellant suggests consideration of the alleged error as a matter of plain error under Rule 78.08, V.A.M.R. The argument is that the instruction was confusing in its use of both lease and purchase terminology. The jury was to determine under Count IIIwhether the Colleys were defrauded through the misrepresentations of Mr. Woods, rather than whether the documents in evidence were leases or purchases. Accordingly, there is no showing of manifest injustice or miscarriage of justice to require relief by way of plain error. Rule 78.08, supra.
Judgment on Count III of defendants' counterclaim affirmed; judgment on directed verdicts on Counts I and II of plaintiff's petition and on Counts I and II of defendants' answer and counterclaim reversed, and cause remanded.
All concur.
NOTES
[1] Sections 428.100 and 428.110 were repealed effective July 1, 1965, by adoption of the Uniform Commercial Code; however, transactions entered into prior to July 1, 1965, remained subject to the prior law. § 400.10-101, V.A. M.S.