William R. BELTER, Plaintiff-Appellant,

v.

CROUCH BROTHERS, INC., a corporation and Hugh Roland Roberts, Defendants-Respondents.

No. 37860.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 26, 1977.

Strubinger & Wilbers, Bert E. Strubinger, Jefferson City, for plaintiff-appellant.

Edwards, Seigfreid, Runge & Hodge, Inc., Louis J. Leonatti, Mexico, for defendants-respondents.

JOHN L. ANDERSON, Special Judge.

Appellant filed his petition seeking damages for bodily injuries sustained in a rear end collision between his pick-up truck and a tractor-trailer driven by respondent Roberts. The issues were joined upon the pleadings and a trial was had before a jury in the Circuit Court of Audrain County. Respondents submitted a defense of contributory negligence. The trial resulted in a defendants' verdict and after notice of appeal was filed in the Supreme Court the matter was transferred to this court. Thereafter, appellants brief was ordered stricken for failure to comply with Rule 84.04 V.A.M.R. Leave was granted to file a proper brief and appellant filed a brief denominated "corrected brief."

A single assignment of error is presented in the following form:

"The Trial Court Erred in Submitting M.A.I. 17.06 as Part of Jury Instruction No. 4 Submitted by Defendants-Respondents Instructing on Failure to Signal an Intention to Turn for the Reason that said Instruction Was Not Supported by the Evidence Since the Evidence Established that Plaintiff-Appellant Was in the Process of Signaling an Intention to Turn the Moment When His Vehicle Was Struck in the Rear by Defendant-Respondent's Vehicle and That Plaintiff-Appellant was Approximately Four Hundred (400) Feet From Where He Intended to Turn and Had Just Put His Directional Signal on and His Foot to the Brake as He Was Being Struck."

Appellant made no specific objection at trial to Instruction No. 4 nor to any wording or submission therein.

Appellant's motion for new trial made only the following references to Instruction No. 4:

"(a) Said Instruction required the jury to find affirmatively that the *plaintiff failed to keep a proper lookout* for other vehicles, including that of the defendant, and that such failure was negligence and caused or contributed to cause the collision, such charge is equivalent to a requirement that the jury find the plaintiff could have seen the other vehicle if he had looked. Also, said Instruction was erroneous because the evidence did not show that such failure caused the accident and

(b) that said Instruction was erroneous in that there was no evidence to substantiate an instruction on 'sudden stop'; there was no evidence that plaintiff's stop was sudden and the physical evidence established that defendant left 479 feet of skid marks which evidenced that the plaintiff could not have physically made a sudden stop." (emphasis added)

Appellants motion for new trial did not challenge that portion of Instruction No. 4 submitting a failure to signal an intention to turn; thus, the matters contained in appellant's point relied upon are raised for the first time in his corrected brief.

In order to preserve an allegation of error relating to an instruction, when no specific objection was made at trial, the specific objection to the challenged instruction must be presented in a motion for new trial. Rules 78.07, 70.02 V.A.M.R. The requirements of Rule 78.07 are designed to afford the trial judge an opportunity to correct his errors without the delay and expense of an appeal and are to be strictly enforced. *Chambers v. Kansas City,* 446 S.W.2d 833, 840 (Mo.1969); *Safe-Buy Real Estate Agency, Inc. v. Hemphill,* 498 S.W.2d 599, 601 (Mo.App.1973); *State ex rel. State Highway Commission v. Heim,* 483 S.W.2d 410, 414 (Mo.App.1972). If on appeal an alleged error relating to an instruction differs from or is not included in the specific objections made to and determined by the trial court, it may not be reviewed by an appellate court, *Robinson v. St. John's Medical Center,* 508 S.W.2d 7 (Mo.App. 1974). No designations of error shall be examined in any civil matter from a jury tried case except such as have been presented to or expressly decided by the trial court. Rule 84.13(a) V.A.M.R. *Commercial Credit Equipment Corp. v. Colley,* 542 S.W.2d 329, 335(3) (Mo.App.1976); see also *Helming v. Adams,* 509 S.W.2d 159, 168(9) (Mo.App. 1974). Because the single point relied upon on appeal was not first presented to the trial court during trial or in a motion for new trial, appellant has not preserved this issue for review.[1]

Judgment Affirmed.

KELLY, P. J. and GUNN, J., concur.

---

1. Appellant does not urge in his brief that his allegation of error be considered pursuant to the plain error doctrine Rule 84.13(c). Nor do we find plain error to exist.