The TRAVELERS INDEMNITY COMPANY, Plaintiff-Respondent,

v.

William T. HENDERSON and Mary Lee Henderson, Defendants-Appellants.

No. 11862.

Missouri Court of Appeals,
Southern District,
Division Two.

June 25, 1981.

James W. Gallaher, Jefferson City, for plaintiff-respondent.

Edwin F. Brady, Warsaw, L. R. Magee, Kansas City, for defendants-appellants.

PREWITT, Presiding Judge.

Defendant William T. Henderson contracted to drill a water well for Pittsburg, Kansas. In compliance with the contract he procured a performance bond with plaintiff as the surety. He had difficulty in digging the well and the city, claiming he was in default, removed him from the job and demanded that plaintiff perform the contract. Plaintiff then arranged for another well drilling contractor to complete the well. Defendants had agreed to indemnify plaintiff for any liability created by the bond and plaintiff sued defendants for its cost in completing the contract. Plaintiff received a jury verdict and judgment for $10,582.91.

■ Defendants' first point contends that plaintiff's evidence "was in conflict" as to the amount that the completing contractor would receive to finish the work and was thus insufficient to support the verdict. We do not agree. William T. Henderson was to receive $39,150 for drilling the well and had received $8,498.02 when he was removed from the job. The completing driller made an agreement with plaintiff to complete the well for $36,000 and notified the city by his letter, mailed in plaintiff's envelope, that he would complete the job "at the remaining contract price". The letter was apparently sent to inform the city that arrangements had been made to complete the job at no additional cost to the city; but, for whatever reason it was sent, the evidence was clear that the contractor's only agreement was with plaintiff and that upon completion he would receive $36,000. Point one is denied.

■ Defendants' remaining point contends that plaintiff's submission instruction was erroneous because it "failed to hypothecate all of the necessary elements required to support a verdict for plaintiff in that the instruction did not require the jury to find that the money spent by the plaintiff to complete the contract was either reasonable or necessary and thereby constituted a roving commission to the jury to find for the plaintiff if the jury found that the plaintiff spent any money." Plaintiff contends that this point was not presented to the trial court and should not be reviewed by us. Rule 70.03, V.A.M.R., provides that: "Specific objections to instructions shall be required in motions for new trial unless made at trial." At trial defendants' counsel stated that defendants "have general objections to all of the instructions". Defendants' motion for new trial claimed error in giving this instruction "since the instruction failed to hypothecate and require the jury to find all of the necessary elements to support a verdict for the Plaintiff and thereby gave the jury a roving commission to determine matters not properly submitted to them." We agree that defendants have not preserved for our review their contention that

the instruction should have required that the money spent by plaintiff was reasonable or necessary. That complaint was first made in defendants' brief. If on appeal an alleged error relating to an instruction is different from or is not included in the objections made to the trial court, it may not be reviewed by an appellate court. *Hailey v. Atchison, Topeka and Santa Fe Railway Company*, 579 S.W.2d 739, 743 (Mo. App.1979); *Belter v. Crouch Brothers, Inc.*, 554 S.W.2d 562, 563 (Mo.App.1977). This point is denied.

The judgment is affirmed.

All concur.