**In re RESERVES DEVELOPMENT CORPORATION, Debtor.**

**ARUS–ANDRITZ, Plaintiff,**

v.

**RESERVES DEVELOPMENT CORPORATION, Defendant.**

**Bankruptcy No. 83–00951–2–11.
Adv. No. 83–0852–2–11.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 4, 1983.

Patrick V. Stark and David E. Howe, Dallas, Tex., Kirk T. May and Mark S. Foster, Kansas City, Mo., for plaintiff.

Jenkins & Flanigan, Kansas City, Mo., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Plaintiff, a Texas corporation, seeks to recover a piece of equipment from debtor. The equipment is located at debtor's plant in Monongah, West Virginia, but is not being used as the entire facility is shut down. Debtor answered by general denial. A hearing was held at which the parties appeared by counsel and representatives. Evidence was heard and the matter taken under advisement pending the receipt of briefs which have now been filed.

Debtor obtained the equipment under the terms of an agreement titled "Lease with Option to Purchase" dated May 17, 1982. In pertinent parts the document provides as follows:

"I. The term date of this Lease is as follows: beginning on delivery of Dewatering Equipment to location specified by Lessee ("Delivery Date") and ending the earlier of: 60 days from Equipment Delivery Date, or upon exercise of the Option to Purchase.

" . . .

"III. In consideration for the leasing of said property, Lessee agrees to pay Lessor, as rent for said property the sum of $3500/week payable on the 1st day of each month following the date of delivery—Lessee agrees to pay rents promptly—

" . . .

"XI. Lessee agrees that should Lessee fail to pay any part of the rental or any other sum required to the Lessor within 10 days after the due date thereof . . . Lessor shall have the right to:

A. Declare the entire amount of rent hereunder immediately due . . .

B. . . .

C. Take possession of any or all items of equipment—Any said taking of possession shall not constitute a termination of this lease—unless the Lessor expressly so notifies the Lessee in writing;

D. Terminate this lease . . .

" . . .

"XIII. No title or right in said property shall pass to Lessee under the lease provisions herein . . . Upon the termination of the lease period, Lessee will immediately return said property to Lessor . . .

"XIV. The parties intend that this agreement is a lease of personal property and not a security agreement. The title, which the Lessor retains is retained not as mere security, but as the title appropriate for a Lessor. Solely to protect the

rights of the parties to this agreement against the unlikely eventuality that some trier of fact might mistakenly find that this lease agreement is in legal effect a security agreement, the parties agree to execute financing statements complying with Chapter 9 of Texas Uniform Commercial Code . . .

"XV. Lessor's failure at any time to require strict performance by Lessee of any of the provisions hereof shall not waive or diminish Lessor's right thereafter to demand strict compliance therewith or with any other provisions.

" . . .

"XVII . . . This contract is performable in Tarrant County, Texas . . . and any action pertaining to said lease agreement shall be construed under and in accordance with the laws of the State of Texas.

" . . .

"XX. Lessee shall have an option to purchase the equipment covered by this Lease Agreement. The option to purchase shall be exercisable at any time during the effective lease period by delivering written notice containing a date of purchase . . . to the Lessor . . .

1. The purchase price will equal the Replacement Value less 60% of the lease payments made . . .

2. The parties agree that the Replacement Value for the equipment covered by this Lease is $272,000 actual price.

3. The purchase price shall be paid in cash [sic] on the date of purchase, or under other terms and conditions . . . acceptable to the Lessor".

The evidence shows that debtor made no payment under the agreement and did not exercise the option by written notice during the term of the lease. On the other hand plaintiff has never terminated the lease by reason of any action under Article XI. Plaintiff did write a letter in February of 1983 expressing frustration over lack of payment and threatening to pick up the equipment if payment was not made within 10 days. Plaintiff was not paid but did not pick up the equipment. This Bankruptcy case was filed on April 12, 1983.

Debtor contends that the arrangement between the parties is a sale and security agreement rather than a lease and that it has an interest in the equipment. Plaintiff disagrees pointing to various provisions in the document as indicating its true character as a lease.

■ Under both Texas and Missouri law there is agreement that a major factor determining whether a lease-purchase agreement is a true lease or a sale-security agreement is the relationship between the option price and the value of the property to be purchased at the time the option is to be exercised. *Davis Brothers v. Misco Leasing, Inc.,* 508 S.W.2d 908 (Tex.Civ.App. CA 1974); Section 400.1–201(37), R.S.Mo.1969. In addition, Missouri courts consider as an important test whether lessee must purchase the property at the termination of the lease or may return it. *Commercial Credit Equipment Corp. v. Colley,* 542 S.W.2d 329 (Mo.App.1976).

■ Here the agreement contains an option to purchase and sets out a procedure for establishing the price, which was to be replacement value less a credit for a portion of the lease payments. The option price was not nominal. The evidence shows that it reflected the value of the equipment at the time the option was to be exercised. The agreement also provides that lessor retains title and that lessee will return the property to lessor on termination of the 60 days. Lessee is not compelled to purchase by reason of the language of the agreement.

The evidence shows that this equipment weighs 20 tons and is used to press liquid from coal. It is of no particular value for only 60 days of use. From an economic point of view the agreement is designed to compel lessee to purchase. The agreement is designed to allow debtor to use the equipment while arranging financing for the purchase. The lease device was used to avoid problems of repossession if the sale fell through. The conduct of plaintiff in sitting on its rights after the term of the agreement ended confirms this analysis.

Counsel are to be commended for drafting a document which clearly focuses on the issue raised in this case. What they did not design was the underlying deal itself. What the parties really did here was agree to give debtor 60 days to arrange financing to buy the equipment and to give debtor use of the equipment in advance of the sale being closed. Essentially they entered into an agreement to agree to a sale within 60 days, the precise terms to be arranged in the interim. It is this intention which controls the characterization of the document. It is not a true lease. *Davis Brothers v. Misco Leasing,* supra; *Percival Construction Co. v. Miller & Miller Auctioneers,* 532 F.2d 166 (10th Cir.1976); *Commercial Credit Corp. v. Colley,* supra; *Leawood National Bank v. City National Bank & T. Co.,* 474 S.W.2d 641 (Mo.App.1971).

The agreement is not executory for nothing remains for plaintiff to do but pass title upon receipt of payment. *In re Knutson,* 563 F.2d 916 (8th Cir.1977); *In re Computer Utilization, Inc.,* 508 F.2d 673 (5th Cir.1975). The equipment was delivered and a sale price designated. While the agreement suggests that the parties may agree to terms other than cash, such a situation is not likely to occur now and was not necessarily going to occur even if debtor had exercised the option in a timely fashion.

Debtor asserts, however, that it may be able to obtain funds to pay plaintiff. Debtor is granted to August 15, 1983, to make payment of $272,000 or arrange for terms with plaintiff's agreement. Absent such resolution plaintiff is entitled to repossession of its equipment and the Complaint for Reclamation is SUSTAINED. Executed is stayed to August 16, 1983.

SO ORDERED this 4th day of August, 1983.