TECHNICON INSTRUMENTS
CORPORATION, Plaintiff/Respondent,

v.

Bertha PEASE, d/b/a Kingshighway
Medical Lab, Defendant/Appellant.

No. 60435.

Missouri Court of Appeals,
Eastern District,
Division One.

March 3, 1992.

Raymond Howard, Jr., St. Louis, for defendant/appellant.

Michael Stephens, Clayton, for plaintiff/respondent.

CRANE, Judge.

Defendant Bertha Pease, d/b/a Kingshighway Medical Lab (Kingshighway) appeals from the judgment of the trial court granting summary judgment in favor of plaintiff Technicon Instruments (Technicon) on Kingshighway's counterclaim seeking consequential damages for defects in leased equipment. She argues that a factual issue remained concerning whether the exclusive remedy provision caused the agreement to fail of its essential purpose under Article Two of the Uniform Commercial Code. We find that the parties' agreement was a lease and Article Two of the Uniform Commercial Code does not apply. We affirm the entry of summary judgment.

Technicon and Kingshighway Medical Lab entered into a lease agreement on December 31, 1985, whereby Technicon agreed to lease and Kingshighway agreed to make monthly rental payments for a Technicon RA–500 System, to be used for the analysis of blood samples. Paragraph 6 of the subject agreement provided:

> Technicon shall have no liability for any direct, incidental or consequential damages resulting from breach of warranty, from the breach or nonperformance of any term or condition hereof or from Technicon's actual or imputed negligence. In the event of any such breach, nonperformance or negligence Technicon's liability [shall] be limited to repairing or replacing ... any component which Technicon finds to be defective in material or workmanship....

Shortly after delivery Kingshighway notified Technicon that the system had numerous defects. Within five or six months after delivery, Technicon replaced the defective leased system with a new model which was also defective. Kingshighway ceased making rental payments in July, 1987.

Technicon instituted a replevin action. Kingshighway counterclaimed seeking consequential damages, including damages for lost business, alleging that the leased system was defective. The trial court entered summary judgment for Technicon on the counterclaim. Technicon voluntarily dismissed its claim. Kingshighway appeals.

For its sole point on appeal, Kingshighway asserts that the trial court erred in granting summary judgment on its counterclaim in favor of Technicon because there was "a factual issue as to whether this exclusive remedy [paragraph 6] caused the agreement to fail of its essential purpose and thereby violate paragraph (2) of Section 400.2–719 of the Uniform Commercial Code." Technicon responds that the agreement is not governed by Article Two of the Uniform Commercial Code because it is a lease agreement and Article Two of the Code applies only to a sale of goods. We agree that the agreement between Technicon and Kingshighway is a lease and Article Two of the Uniform Commercial Code, in particular § 400.2–719(2), does not apply.

Article Two of the Uniform Commercial Code applies only to contracts for the sale of goods. § 400.2–102 RSMo 1986. A "contract for sale" includes both a present sale of goods and a contract to sell goods at a future time. A "sale" occurs when title passes from the seller to the buyer for a price. § 400.2–106(1). Lease transac-

tions are not governed by Article Two of the Code.

 To determine whether an instrument is a lease or a sales contract, we look to the instrument to determine the parties' rights and intentions. *Chase Third Century Leasing v. Williams*, 782 S.W.2d 408, 413 (Mo.App.1989). The test usually applied is whether the instrument requires or permits the transferee to return the property in lieu of paying the purchase price. If the return of the property is either required or permitted, the instrument will be held to be a lease. If the transferee is obligated to pay the purchase price, the contract will be held to be one of sale. *Id.; Commercial Credit Equipment Corp. v. Colley*, 542 S.W.2d 329, 334 (Mo.App.1976).

The instant agreement is clearly a lease and not a contract for the sale of goods. The agreement itself is titled "Technicon Instrument Rental Agreement." Bertha Pease, who executed the agreement on behalf of Kingshighway, testified that her understanding was that the document was a lease agreement. The instrument permits the transferee to return the property at the end of the lease term.

Under the terms of the agreement, Kingshighway had the option to purchase the equipment for its original selling price after the first twelve months of the agreement. If Kingshighway did not exercise that option, a five year lease agreement took effect under which Kingshighway had an option to purchase the equipment at the end of the new lease term. The agreement further provided that at the end of the lease term, if the option was not exercised, Kingshighway would promptly return the leased system to Technicon. The agreement also expressly provided that title to the system was to remain in Technicon and that no title or ownership was transferred to Kingshighway.

Since the parties' agreement was a lease and not a contract for sale, Article Two of the Uniform Commercial Code is inapplicable and therefore § 400.2–719(2) does not apply. There is no genuine issue of material fact which would require a trial and the judgment of the trial court is correct as a matter of law.

The judgment of the trial court is affirmed. Technicon's Motion to Dismiss the Appeal is denied.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.